IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IVANA A. ELLIOTT,                   )
                                    )    CIVIL ACTION FILE NO.
        Plaintiff,                  )
                                    )
v.                                  )
                                    )    4:26-cv-00060-WMR
SHERIFF CLARK MILLSAP,              )
                                    )
        Defendant.                  )

**MOTION TO EXTEND TIME WITHIN WHICH
SHERIFF MILLSAP MAY RESPOND TO
MOTION FOR PRELIMINARY INJUNCTION**

COMES NOW SHERIFF CLARK MILLSAP, and pursuant to Fed. R. Civ. P. 6(b)(1), moves the Court to extend any existing deadline to respond to the Plaintiff's motion for preliminary injunction, filed with the complaint (Doc. 4), as follows:

1.

Plaintiff filed her Complaint for Damages in this Court on March 9, 2026. With the motion Plaintiff filed a motion for preliminary injunction. (Doc. 4) Generally speaking, the case concerns Plaintiff's displeasure with being required to remove her head covering ("hijab") at the Bartow County Jail (the "Jail"), following her arrest. See Doc. 1.  Plaintiff asserts she is a Muslim and that her religious rights were violated. *Id.* Plaintiff is no longer incarcerated at the Jail.

2.

On March 10, 2026, Plaintiff's counsel emailed copies of the lawsuit materials to undersigned counsel, who at that time had not been retained to represent Defendant Millsap. Plaintiff's counsel was reaching out to request information about representation of the Defendant and potential coordination of the Plaintiff's request for waiver of service. Exhibit A (March 10 email).

3.

Undersigned counsel was about to leave the state, but on March 10 counsel called Plaintiff's counsel Mr. Slater, and followed up with an email stating:

> Per our discussion I am passing this on to my partner Terry Williams, who is copied on this email.  I am out of town for the rest of today and this week. As we discussed, if my firm is assigned to defend the case then we will work with you about service of process and the like, consistent with any client directives. Thanks for bringing this to our attention.

Exhibit A at 1.

4.

Following the communications on February 10, undersigned counsel was retained to defend Sheriff Millsap. Accordingly, on February 17 Defendant's counsel prepared and filed a waiver of service for Sheriff Millsap. Doc. 7.

5.

Under the terms of the waiver of service and Rule 4 (d)(3), Defendant Millsap's response to the complaint is due to be served by May 11, 2026.

6.

So far as undersigned counsel can tell, there is no rule about a Defendant's deadline to respond to a motion in this situation, where the motion is (a) emailed to a Defendant and later to a lawyer who has not been retained, all before service of process or waiver of service; (b) service of process is waived pursuant to a request for waiver under Rule 4, and (c) the deadline to respond to the complaint falls 60 days from the time the request for waiver is sent.

7.

Defendant submits that the rational response deadline for the motion is 14 days after the answer or Rule 12 motion is due. This motion is filed in case the Court takes the view that a different deadline exists.

8.

Local Rule 7.1 (B) generally provides for a 14-day deadline to respond to a motion. The Rule contemplates the great majority of cases where a motion is filed following a Defendant's initial response by answer or Rule 12 motion. By contrast, this case is an outlier, in that the motion was filed before any answer or Rule 12 motion is even due.

9.

Plaintiff's motion asks the Court "to consolidate the preliminary-injunction hearing with the trial on the merits pursuant to Federal Rule of Civil Procedure

65(a)(2)." Doc. 4 at 2. Given that the trial on the merits and the requested motion hearing will not occur until late 2026 at the earliest, there is no legitimate reason to require a rushed response to the Plaintiff's motion for preliminary injunction, before an answer or Rule 12 motion is even due to be filed.

10.

Defendant files a brief and proposed order for the Court's consideration.

11.

Based on communications with Plaintiff's counsel, Plaintiff seemingly takes the position that the response to the motion is due to be filed by March 23 or 24 (the specific date is unclear). Plaintiff's counsel offered to consent to a one-week extension. Defendant views that position as minimally helpful but still unreasonable under the circumstances.

12.

Undersigned counsel has a heavy litigation schedule and to this point has been unable to devote time to sufficiently investigate the case, much less prepare and file a response to the lengthy motion for preliminary injunction.

13.

For crystal clarity, **Defendant opposes the motion for preliminary injunction**. The motion should not be granted as "unopposed" under the Local Rules, regardless when Defendant's response is filed.

THEREFORE, Sheriff Millsap respectfully moves the Court inquire into this matter and grant this extension request.

WILLIAMS & WAYMIRE, LLC


/s/ Jason C. Waymire
JASON C. WAYMIRE
Georgia Bar No. 742602
Attorney for Defendant

jason@wmwlaw.com
Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30518
(678) 541-0790 (phone)
(678) 541-0789 (facsimile)


## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **MOTION, EXHIBIT A, BRIEF IN SUPPORT** and proposed **ORDER** upon all counsel for all parties by electronic filing through the CM/ECF system in accordance with the United States District Court rules.

This 20 day of March, 2026.

/s/ Jason Waymire
JASON WAYMIRE
Georgia State Bar No. 742602
Attorney for Defendants