**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

IVANA A. ELLIOTT,

     *Plaintiff,*

v.

SHERIFF CLARK MILLSAP, BARTOW
COUNTY SHERIFF'S OFFICE, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES,
AND OFFICER JANE DOE, IN HER
INDIVIDUAL CAPACITY ONLY

     *Defendants.*

CIVIL ACTION NO.:

4:26-cv-00060-WMR

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO
EXTEND TIME**

While Plaintiff is open to a modest extension on Defendant's response to the preliminary injunction and the full extension requested to the Answer, a 77-day extension on a response to a preliminary injunction is not appropriate. Sheriff Clark Millsap reduces Plaintiff's continuing constitutional violation to "displeasure with being required to remove her head covering." ECF 9-2 at 1. More is at stake and the preliminary injunction warrants a swifter response.

Defendant cannot establish good cause and would postpone resolving a motion related to an ongoing constitutional violation. Defendant's motion should

be denied, and a response, with at most a modest extension to responding to the preliminary injunction, is required.

## BACKGROUND

On March 9, 2026, Plaintiff filed her Verified Complaint and Motion for Preliminary Injunction. Defendant's counsel received both the following day. On March 17, counsel filed a waiver of service, making the Answer due May 11, 2026. *See* Fed. R. Civ. P. 4(d)(3). Three days later, Defendant moved to delay his response until May 26, 2026.[1]

This case involves a continuous injury. Defendant enforces a policy that forces Muslim women to remove their hijabs before male officers. He then retains the resulting images. Here, Defendant has already released Plaintiff's uncovered booking photograph to the public. ECF 1 ¶ 49. Under Georgia law, that image remains a matter of public record for years. *See* O.C.G.A. §§ 35-1-19, 50-18-92.

Plaintiff offered a one-week extension on the response to the preliminary injunction and the full extension requested on the Answer. Defendant refused.

---

[1] Defendant's brief backdates these events to February. ECF 9-2 at 1–2. While this discrepancy does not alter the legal analysis, such carelessness contradicts his claim of diligence.

## ARGUMENT

### I.     Defendant Has Not Shown Good Cause

Rule 6(b)(1)(A) requires "good cause" for an extension. This standard requires the movant to prove he could not meet the deadline despite diligent effort. *See Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017) (recognizing a court's discretion to grant extensions upon a showing of good cause); *cf. Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (explaining that "good cause" requires a showing that a deadline could not be met despite diligence). The focus is on diligence, not convenience. Defendant identifies no facts showing he could not meet the deadline despite a reasonable effort.

#### A. General workload does not establish diligence.

Defendant relies on general statements about a court's discretion over scheduling. ECF 9-2 at 3 (citing *Lizarazo*; *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234 (11th Cir. 2001)). Those authorities do not support the requested extension.

*Lizarazo* involved specific external obstacles—probate-court delays preventing the appointment of a personal representative. 878 F.3d at 1009. *Johnson* addressed a court's discretion in managing discovery and pretrial proceedings, not

3

the time-sensitive response to a motion for preliminary injunction. 263 F.3d at 1269.

Against that backdrop, Defendant identifies no facts showing diligence. He points to no specific conflict, deadline, or obligation that prevented a timely response, relying instead on a generalized assertion of a busy schedule. ECF 9 ¶ 12. A crowded calendar does not justify delaying a motion seeking to halt an ongoing constitutional violation.

Moreover, as explained below, in First Amendment cases, "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *KH Outdoor, LLC v. Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006). Here, there is a continuing First Amendment violation from re-publication of booking photos and a particularized, irreparable injury to the plaintiff. *Speech First,* 32 F.4th at 1120 (quoting *Dana's R.R. Supply v. Att'y Gen., Fla*., 807 F.3d 1235, 1241 (11th Cir. 2015)).

**B. The timeline shows a lack of diligence.**

Defendant received the motion on March 10. Within seven days, he retained counsel and waived service. Three days later, he filed this motion and a supporting brief. He never explains why he could not begin a response or seek relief during those ten days.

4

Diligence is the touchstone of good cause. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam). This standard precludes an extension unless the movant proves the deadline could not be met "despite [his] diligence." *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's note).

This delay results from Defendant's own choices, not external constraints. This is "not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Because Defendant was not diligent, the "inquiry should end." *Id.*

### C. The asserted need for investigation contradicts Defendant's merits position.

Defendant claims he needs additional time to "sufficiently investigate the case." ECF 9 ¶ 12. In the same filing, however, he asserts that the motion for preliminary injunction should be denied. *Id.* ¶ 13.

Those positions are difficult to reconcile. If Defendant has already decided that the motion should be denied, he does not explain what further investigation is needed. If further investigation is necessary, his assessment of the merits is premature. He does not specify any facts that are still unknown or explain why they could not have been gathered earlier.

Rule 6(b) requires a showing of necessity, not a preference for additional time.

5

**D. Defendant's reading of Local Rule 7.1(B) is internally inconsistent.**

Defendant argues that no response deadline applies until after his Answer yet also insists the motion cannot be treated as unopposed. ECF 9-2 at 3–4. He cites no authority for separating the rule's deadline from its consequence.

Local Rule 7.1(B) establishes a 14-day response period. N.D. Ga. L.R. 7.1(B). If no deadline applies, the rule's unopposed-motion provision has no force. If a deadline does apply, Defendant must show good cause for an extension. He has done neither.

In any event, motions for preliminary injunction are addressed on an expedited basis because they concern injuries that may persist absent prompt judicial review. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## II. Granting the Extension Would Prolong Irreparable Harm.

### A. Ongoing First Amendment violations are irreparable.

It is established precedent that deprivations of First Amendment rights constitute irreparable injury. *Elrod*, 427 U.S. at 373. The Eleventh Circuit extends this presumption to ongoing violations of the First Amendment and the right to privacy, noting that these injuries are deemed irreparable because their "intangible nature" prevents victims from being fully compensated through monetary damages. *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990).

Defendant does not engage this presumption. He argues that Plaintiff is no longer incarcerated and that the trial remains months away. ECF 9-2 at 4. Neither point addresses the injury of ongoing release and publication of photographs.

**B. The harm is ongoing and has already been compounded.**

Defendant has already disclosed Plaintiff's uncovered booking photograph in response to a public records request. ECF 1 ¶ 49. That fact is dispositive: the injury is not a single past event but continues through the retention and dissemination of the image.

The photograph remains accessible in government systems and subject to disclosure under Georgia law. *See* O.C.G.A. §§ 35-1-19, 50-18-92. Each access or dissemination of the injury renews it. Courts recognize that retention and dissemination of such images can continue to burden protected rights. *See*, e.g., *Omeish v. Kincaid*, 616 F. Supp. 3d 486, 497 (E.D. Va. 2022).

Plaintiff also has a pending criminal case which could conclude before Defendant's requested response date. Plaintiff may be rebooked at the Bartow County Jail following this conclusion. Without the requested changes to internal policy, Plaintiff is at risk of undergoing the same treatment that gave rise to her complaint.

Defendant argues that the injury can wait for trial. The law does not permit that result. Rule 65 exists to prevent irreparable harm before a decision on the

7

merits can be rendered. *Winter*, 555 U.S. at 20. By seeking a 77-day delay, Defendant asks the Court to set aside the urgency the Rule is designed to protect.

### C. Rule 65 requires prompt consideration.

Preliminary relief preserves the Court's ability to "render a meaningful decision after a trial on the merits." *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974). Because an injunction is an "extraordinary remedy" designed to prevent irreparable harm, its effectiveness depends on urgency. *Id.*

By pushing the response deadline past the Answer, Defendant treats this emergency motion as routine, risking the very harm Rule 65 is designed to prevent.

### CONCLUSION

Normally, Plaintiff's counsel would not oppose an extension. Here, Plaintiff's counsel is amenable to an extension on the Answer and a one-week extension on the response to preliminary injunction, which provides Defendant with 21 days. Given the First Amendment claims here, counsel simply cannot consent to a 77-day delay in briefing that exacerbates their client's First Amendment harms.

Plaintiff requests that the Court convene a status conference in order to set forth a prompt briefing schedule.

Respectfully submitted this 24th day of March, 2026.

8

/s/ Keon N. Grant
Keon Nicholas Grant
Georgia Bar No. 946800
Aaron Edward Butler
Georgia Bar No. 722335
**Council on American-Islamic Relations – Georgia**
P.O. Box 956263
Duluth, GA 30095
Telephone: 470.604.7877
kgrant@cair.com
abutler@cair.com

/s/ James M. Slater
James M. Slater
Georgia Bar No. 169869
Slater Legal PLLC
2296 Henderson Mill Rd. NE #116
Atlanta, GA 30345
Telephone: 404.458.7283
james@slater.legal

/s/ Gerald Weber
Gerald Weber
Georgia Bar No. 744878
The Law Offices of Gerry Weber, LLC
P.O. Box 5391
Atlanta, GA 31107
Telephone: 404.522.0507
wgerryweber@gmail.com

*Counsel for Plaintiff Ivana Elliott*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been

prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point

typeface.

Dated: March 24, 2026

Council on American-Islamic Relations
– Georgia
P.O. Box 956263
Duluth, GA 30095
Telephone: 470.604.7877
kgrant@cair.com

*/s/ Keon N. Grant*
Keon Nicholas Grant
Georgia Bar No. 946800