IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IVANA A. ELLIOTT, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 4:26-cv-00060-WMR |
| SHERIFF CLARK MILLSAP, | ) | |
| | ) | |
| Defendant. | ) | |

## BRIEF IN SUPPORT OF PRE-ANSWER MOTION TO STAY

COMES NOW BARTOW COUNTY SHERIFF CLARK MILLSAP, by and through undersigned counsel, and respectfully submit this brief in support of his motion to stay by showing the court the following:

### PROCEDURAL HISTORY & FACTUAL OVERVIEW

Plaintiff, a former pretrial detainee, filed this action about claimed violation of her religious observance in jail. Plaintiff asserts was an observant Muslim woman who sues about being searched, photographed and video recorded at the Jail without her religious clothing. Doc. 1 at ¶¶ 55, 70.

Defendant is Bartow County Sheriff Clark Millsap, who is sued individually and in his official capacity. Sheriff Millsap is the elected Sheriff of Bartow County, Georgia who serves as the BCSO's final policymaker on jail administration, detainee custody, booking procedures, and the training and supervision of BCSO personnel.

1

*Id.* at ¶ 14.

On May 11, 2026, Defendant moved to dismiss all claims asserted in this action. Among the grounds for the motion to dismiss are qualified immunity and Eleventh Amendment immunity. Those defenses require a stay.

## ARGUMENT AND CITATION OF AUTHORITY

"Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). That is particularly true where a motion to dismiss raises one or more immunity defenses, asserting immunity from suit.

## I.    Defendant's Immunity Defenses Require a Stay

In his motion to dismiss, Sheriff Millsap raises Eleventh Amendment immunity and qualified immunity to all claims. These immunities warrant a stay while the Court resolves the motion to dismiss.

The Supreme Court repeatedly has stated that officers sued under 42 U.S.C. § 1983 and other federal statutes are entitled to special protection from the burdens of litigation, particularly where they are likely entitled to qualified immunity.

> Harlow [v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)] and Mitchell [v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)] make clear that the [qualified immunity] defense is meant to give government officials a right, not merely to avoid "standing trial," but

also to avoid the burdens of "such *pretrial* matters as discovery ..., as '[i]nquiries of this kind can be peculiarly disruptive of effective government.' " <u>Mitchell</u>, *supra,* at 526, 105 S.Ct., at 2815 (emphasis added) (quoting from <u>Harlow</u>, *supra,* at 817, 102 S.Ct., at 2738).

<u>Behrens v. Pelletier</u>, 516 U.S. 299, 308, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996).

[O]nce a defendant raises the defense, "the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." <u>Crawford-El v. Britton</u>, [523 U.S. 574, 597-598], 118 S.Ct. 1584, 1596, 140 L.Ed.2d 759 (1998).

<u>Harbert Intern., Inc. v. James</u>, 157 F.3d 1271, 1280 (11th Cir. 1998).

[I]f the defendant ... pleads[s] the [qualified] immunity defense, the district court should resolve that threshold question before permitting discovery. <u>Harlow</u>, 457 U.S., at 818, 102 S.Ct., at 2738. To do so, the court must determine whether, assuming the truth of the plaintiff's allegations, the official's conduct violated clearly established law.

<u>Crawford-El</u>, 523 U.S. at 598 (emphasis supplied).

Other immunities warrant the same treatment. <u>Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.</u>, 91 F.3d 1445, 1448 (11th Cir. 1996) (stay warranted for Eleventh Amendment immunity claim); <u>Kennedy v. Georgia</u>, No. 1:10-CV-00563-JEC, 2011 WL 13269539, at *4 (N.D. Ga. -5- 2011) (Carnes, J.).

Accordingly, Defendant requests the Court to "exercise its discretion in a way that protects the substance of the ... immunity defense[s]," <u>Crawford-El</u>, 523 U.S.

3

at 597-598, and grant this motion to stay.

## II.     A Stay Is Appropriate Based on the Motion to Dismiss

Regardless of any immunity, the Federal Rules of Civil Procedure encourage a trial court to act *sua sponte* or on the motion of a party to limit litigation burdens when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C).

The Court "must limit the frequency or extent of discovery" when such a determination is made. *Id.* This provision gives trial courts broad discretion to alter the sequence of discovery for the parties' convenience "and in the interests of justice."  Fed. R. Civ. P. 26(d); *see also* Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1558–59 (11th Cir. 1985) (decisions to limit discovery under Rule 26 are reviewed for abuse of discretion).

The Eleventh Circuit has instructed that, when a pending motion challenges the legal sufficiency of a claim, discovery should be stayed until the motion is resolved. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); *accord* Shuman, 762 F.2d at 1560 (noting courts' "broad discretion to stay discovery pending a decision on a dispositive motion").

Here, the Court should stay all procedural and discovery deadlines, pending

the outcome of Defendant's motion to dismiss. Because the motion to dismiss is likely to dispose of the claims or significantly narrow their scope, discovery while the motion is pending would likely be inefficient and waste resources.  Likewise, Defendant should not be prejudiced by the imposition or passage of any procedural deadlines while his motion to dismiss is pending.

## **CONCLUSION**

For the above and foregoing reasons, Sheriff Millsap respectfully requests the Court to stay this action until the Court rules on the pending motion to dismiss.

WILLIAMS & WAYMIRE, LLC

/s/ Jason Waymire
Jason C. Waymire
Georgia Bar No. 742602
Attorney for Sheriff Millsap

Bldg. 400, Suite A
4330 South Lee Street
Buford, Georgia 30518
678-541-0790
678-541-0789(f)
jason@wmwlaw.com

5