IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IVANA ELLIOT,

      Plaintiff,

v.

CLARK MILLSAP, in his official
capacity as SHERIFF OF BARTOW
COUNTY, GEORGIA,

      Defendant.

Case No. 4:26-cv-60-WMR

### PLAINTIFF'S BRIEF IN OPPOSITION TO
### SHERIFF MILLSAP'S PRE-ANSWER MOTION TO STAY

Defendant Sheriff Clark Millsap moves to stay all proceedings pending resolution of his motion to dismiss, invoking qualified immunity and Eleventh Amendment immunity. The motion should be denied. Both immunity doctrines are legally inapplicable to Plaintiff's primary claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA").[1] Because neither immunity defense can succeed against RLUIPA, the Sheriff's motion should be denied.

---

[1] Plaintiff has filed an amended complaint, which dismisses her First Amendment free exercise claims as well as her individual capacity claims against the Sheriff.

## ARGUMENT

### I.    A Stay is Unwarranted Because Sheriff Millsap is Not Entitled to Immunity

Sheriff Millsap contends that he is entitled to a stay because both Eleventh Amendment and qualified immunity apply to the claims asserted against him. As noted above, following amendment, the sole remaining claim from the original complaint against Sheriff Millsap is an official-capacity RLUIPA claim.[2] As explained below, neither immunity applies to such claim.

### A. The Eleventh Amendment does not apply to Plaintiff's claims for injunctive relief

The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity."[3] The proposition that "States may waive their sovereign immunity" is an "unremarkable" one.[4]

---

[2] Plaintiff has also added a state-law RFRA claim against the Sheriff, but he is not entitled to immunity on that claim.

[3] *Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989) (citing *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)) (internal footnote omitted).

[4] *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 65 (1996); *see also Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 238 (1985) (noting the "well-established" principle that "if a State waives its immunity and consents to suit in federal court, the Eleventh Amendment does not bar the action").

While the Eleventh Amendment may preclude a request for damages,[5] it does not preclude claims for injunctive relief.[6] The Eleventh Circuit has also held that "by entering into a funding contract with the federal government and accepting federal funding, state prison institutions voluntarily agreed to waive their sovereign immunity and make themselves amenable to actions under RLUIPA."[7] As explained in Plaintiff's First Amended Complaint (Doc. 13), Sheriff Millsap has accepted federal funding in his official capacity, and therefore there is no question that he has waived sovereign immunity.[8]

Because the Eleventh Amendment does not bar federal complaints for injunctive relief, Sheriff Millsap's request to stay these proceedings is inapposite.[9]

---

[5] *See Cross v. State of Ala.*, 49 F.3d 1490, 1503 (11th Cir. 1995)

[6] *See Ex parte Young*, 209 U.S. 123, 155–56 (1908) (clarifying that "official-capacity actions for prospective relief are not treated as actions against the State.").

[7] *Smith v. Allen*, 502 F.3d 1255, 1276 (11th Cir. 2007), *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353 (11th Cir. 2021), and *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011).

[8] *See Daker v. Head*, 2020 WL 5269802, at *3 (S.D. Ga. Sept. 4, 2020) ("Plaintiff is correct that the GDC can be subject to injunctive relief under RLUIPA.").

[9] *Welch v. Laney*, 57 F.3d 1004, 1008 (11th Cir. 1995); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Ex parte Young*, 209 U.S. 123).

### B. Qualified immunity does not apply to Plaintiff's RLUIPA claim.

Sheriff Millsap also invokes qualified immunity as a basis for a stay. Given the amendment to the complaint, which removes individual capacity claims against Sheriff Millsap, this argument is equally unavailing.[10] Because sovereign immunity does not apply here, as explained above, a stay is unwarranted.

## II.   Without Qualified Immunity, a Stay is Not Appropriate under *Chudasama*

Relying on *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), Sheriff Millsap argues that a stay is warranted whenever there is a motion to dismiss. This is not so.

### A. Applicable legal standard

To determine whether staying discovery is warranted, some decisional authority suggests that courts should "take a preliminary peek at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive."[11] Under that authority, however, a "request to stay discovery pending

---

[10] *Davila v. Gladden*, 777 F.3d 1198, 1209 (11th Cir. 2015) (holding that sovereign immunity is the only immunity defense in suits against officers in their official capacity).

[11] *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997) (quotations omitted); *see also Chudasama*, 123 F.3d at 1367

a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case."[12]

Other courts in this Circuit, however, have held that *Chudasama* and its progeny actually "stand for the narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount," not that discovery should be stayed any time there is a motion to dismiss.[13] [14]

---

[12] *Jones v. Thrive Senior Living, LLC*, 2021 WL 620964, at *1 (S.D. Ga. Feb. 17, 2021) (quoting *CSX Transp., Inc. v. United States*, 2014 WL 11429178, at *1 (S.D. Ga. May 30, 2014)); *McCrimmon v. Centurion of Fla., LLC*, 2020 WL 6287681, at *1 (M.D. Fla. Oct. 27, 2020) ("Absent a clear indication a case will be dismissed in its entirety, a motion to stay should be denied," citing *Datto v. Fla. Int'l Univ. Bd. of Trustees*, 2020 WL 3576195, at *2 (S.D. Fla. July 1, 2020)).

[13] *Koock v. Sugar & Felsenthal, LLP*, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (quoting *In re Winn Dixie Stores, Inc. ERISA Litig.*, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)); *see also McCrimmon*, 2020 WL 6287681, at *1 (collecting cases) (denying health provider's motion to stay discovery in a lawsuit involving deliberate indifference under the Eighth Amendment).

[14] As the court in *McCrimmon* noted "[t]he factual and procedural history of the *Chudasama* case are significantly different than those in this case. Indeed, the Eleventh Circuit made the above statement [—that challenges to legal sufficiency of a claim or defense should be resolved before discovery begins—] in recognition that the district court 'effectively abdicate[d] its responsibility to manage [the] case' by never ruling on a motion to dismiss that was ripe for over eighteen months and refusing to rule on discovery disputes the parties routinely brought before the court." *Centurion*, 2020 WL 6287681, at *1 (citations omitted).

Indeed, as the court in *Koock* advises "[t]he holding in [*Chudasama*] does not establish the general rule that discovery should not proceed while a motion to dismiss is pending."[15]

Thus, unless a motion is truly case dispositive, motions to stay are "generally disfavored" because discovery delays can result in "unnecessary litigation expenses".[16]

### B. Sheriff Millsap cannot meet his burden to demonstrate a stay

Sheriff Millsap carries heavy burden to demonstrate the need for a stay,[17] which is "the exception, rather than the rule."[18] His threadbare motion does not meet that burden.

---

[15] *Koock*, 2009 WL 2579307, at *2; *Brexendorf v. Bank of Am., N.A.*, No. 2018 WL 7252955, at *4 (M.D. Fla. Nov. 15, 2018) ("there is no general rule that discovery must be stayed while a dispositive motion is pending").

[16] *www.TrustScience.com Inc. v. Bloom Ltd.*, 2018 WL 8368844, at *2 (M.D. Fla. Oct. 11, 2018) (citing *Feldman*, 176 F.R.D. at 652, quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)).

[17] *Feldman*, 176 F.R.D. at 652.

[18] *Jolly v. Hoegh Autoliners Shipping AS*, 2021 WL 1822758, at *1–2 (M.D. Fla. Apr. 5, 2021) (denying motion to stay; requiring a showing of the "unusually prejudicial or burdensome circumstance which could warrant a stay") (emphasis in original); *see also Taylor v. Serv. Corp. Int'l*, 2020 WL 6118779, at *3 (S.D. Fla. Oct. 16, 2020) (finding the rule the Eleventh Circuit announced in *Chudasama* "particularly appropriate in large putative class action cases").

First, Sheriff Millsap fails to explain how exactly his motion to dismiss is dispositive—particularly where he cannot invoke immunity. Moreover, as explained above, not every court has read *Chudasama* to mean that stays are warranted pending motions to dismiss, but rather that courts should resolve such motions in a timely matter. The Court should not stay discovery pending Sheriff Millsap's motion to dismiss for these reasons.

Second, Sheriff Millsap fails to demonstrate any burden in participating in discovery or responding to the pending motion for preliminary injunction. In his motion, he provides nothing more than conclusory statements to support invoking the "exception" to the rule. But he provides no "explanation as to how discovery would be enlarged if permitted to continue."[19] Here, the Court should take guidance from *Randstad*. There, Judge Evans denied a motion to stay discovery pending a motion to dismiss where the motion only "comment[ed]" on the possibility of duplication of discovery matters where there was a question of whether the case would be transferred to another court.[20] The court concluded that a stay was unwarranted because the motion to dismiss would not dispose all claims

---

[19] *Randstad Gen. Partner (US), LLC v. Beacon Hill Staffing Grp. LLC*, 2019 WL 12521399, at *11 (N.D. Ga. Nov. 18, 2019).

[20] *Id.*

and the defendants had not "identified any judicial resources which would be saved by staying discovery, . . .".[21]

## CONCLUSION

For all these reasons, the Court should deny Sheriff Millsap's motion to stay.

Dated: May 22, 2026

Respectfully submitted,

/s/ Keon N. Grant
Keon Nicholas Grant
Georgia Bar No. 946800
**Council on American-Islamic Relations – Georgia**
P.O. Box 956263
Duluth, GA 30095
Telephone: 470.604.7877
kgrant@cair.com

/s/ James M. Slater
James M. Slater
Georgia Bar No. 169869
Slater Legal PLLC
2296 Henderson Mill Rd. NE #116
Atlanta, GA 30345
Telephone: 404.458.7283
james@slater.legal

/s/ Gerald Weber
Gerald Weber
Georgia Bar No. 744878
The Law Offices of Gerry Weber, LLC
P.O. Box 5391
Atlanta, GA 31107
Telephone: 404.522.0507
wgerryweber@gmail.com

*Counsel for Plaintiff Ivana Elliott*

---

[21] *Id.*

8

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

Dated: May 22, 2026

SLATER LEGAL PLLC
2296 Henderson Mill Rd. NE #116
Atlanta, Georgia 30345
(404) 458-7283
james@slater.legal

*/s/ James M. Slater*
James M. Slater
Georgia Bar No. 169869