IN THE UNITED STATES DISTRICT COURT
FOR THE  NORTHERN  DISTRICT OF GEORGIA
ROME  DIVISION

| | | |
|---|---|---|
| IVANA A. ELLIOTT, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 4:26-cv-00060-WMR |
| SHERIFF CLARK MILLSAP, | ) | |
| | ) | |
| Defendant. | ) | |

**SHERIFF MILLSAP'S BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

COMES NOW Defendants SHERIFF CLARK MILLSAP  and, pursuant to
the Local Rules file this Brief and hereby gives notice of his opposition to Plaintiff's
motion for injunctive relief, which should be denied.

**ARGUMENT AND CITATION OF AUTHORITY**

Plaintiff moved for a preliminary injunction.  Defendant primarily considers
the standards governing injunctive relief and legal grounds for denial of that relief.
Plaintiff requested a hearing, and Defendant will provide evidence and additional
argument at any hearing that the Court views necessary.[1]

**I.    STANDARDS GOVERNING INJUNCTIVE RELIEF**

At the threshold, an injunctive relief claim must relate to a live controversy
rather than a moot issue.  See  Jews for Jesus, Inc. v. Hillsborough County Aviation

---

[1]    Defendant submits that Plaintiff's motion can be denied for legal reasons
based on briefing and without the necessity for a hearing.

Authority, 162 F.3d 627, 629 (11th Cir.1998) (revocation of challenged policy and adoption of new policy rendered injunctive relief claim moot). Likewise, Plaintiff must have standing. See Juidice v. Vail, 430 U.S. 327, 332, 97 S. Ct. 1211 (1977).

Aside from those requirements, a preliminary injunction is an "extraordinary and drastic remedy that should not be granted unless the movant carries its burden of persuasion." Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165,1166 (11th Cir.2001).

To obtain preliminary injunctive relief, Plaintiff must establish all four of the following prerequisites: (1) Plaintiff's claim(s) have a substantial likelihood of success on the merits; (2) Plaintiff will suffer irreparable injury unless the injunction issues; (3) the threatened injury to Plaintiff outweighs whatever damage the proposed injunction may cause Defendant and (4) if issued, the injunction would not be adverse to public interests. ACLU v. Miami–Dade Cnty., 557 F.3d 1177, 1198 (11th Cir.2009).

"[B]urdens at the preliminary injunction stage track the burdens at trial." Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 428, 126 S. Ct. 1211, 1219 (2006). And of course Plaintiff always bear the burden of establishing a *prima facie* case. *Id.* at 1219 (holding that government had burden after it "conceded the [plaintiff]'s prima facie case under RFRA").

"When a preliminary injunction would alter the status quo … the movant bears a heightened burden and 'must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms.' " Gen.

Motors Corp. v. Urban Gorilla, LLC, 500 F.3d 1222, 1226 (10th Cir. 2007) (quoting O Centro Espirita Beneficente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 976 (10th Cir.2004) (en banc, per curiam), *aff'd,* 546 U.S. 418, 126 S.Ct. 1211 (2006)). In this case, these burdens are too heavy for Plaintiff to carry.

Under the parameters discussed below, Plaintiff's motion should be denied.

## II.    THE ELEVENTH AMENDMENT BARS INJUNCTIVE RELIEF

The Eleventh Amendment bars retrospective injunctive relief. Green v. Mansour, 474 U.S. 64, 73, 106 S. Ct. 423(1985); Edelman v. Jordan, 415 U.S. 651, 666-68, 94 S. Ct. 1347, (1974). That includes injunctive relief about some past conduct or a policy that allegedly violated the plaintiff's rights in the past. *Id.;* Higdon v. Tusan, 746 F. App'x 805, 810 (11th Cir. 2018) (Eleventh Amendment barred requests for "entry of an order declaring that the state court violated federal law in the past or overturning state court orders"); Duke v. Hamil, 997 F. Supp. 2d 1291, 1298 (N.D. Ga. 2014) (holding that officer's voluntary resignation indicated there was no continuing violation and prospective relief was not available).

In the wake of Manders v. Lee, 338 F.3d 1304, 1328 (11th Cir. 2003) (*en banc*), the Eleventh Circuit routinely finds that a Georgia sheriff in his official capacity is entitled to Eleventh Amendment immunity from § 1983 liability for certain law enforcement functions. For example, in Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313 (11th Cir.2005), the Eleventh Circuit squarely held that conditions of confinement at a jail under Sheriff's Office control are encompassed

within the Sheriff's role as a state actor:

> [The Sheriff] functions as an arm of the State—not of [the] County— when promulgating policies and procedures governing conditions of confinement at the … County Jail. Accordingly, even if [the plaintiff] had established a constitutional violation, [the Sheriff] would be entitled to Eleventh Amendment immunity from suit in his official capacity.

Purcell, 400 F.3d at 1325; *see also* Powell v. Barrett, 496 F.3d 1288, 1305-1308 (11th Cir.2007). As detailed in Manders v. Lee, 338 F.3d 1304 (11th Cir.2003), the Sheriff's Office operates the Jail on behalf of the State:

> The State requires that the sheriff take custody of all inmates in the jail in his county. O.C.G.A. § 42-4-4. The Georgia legislature mandates that "[i]t shall be the duty of the sheriff ⋯ [t]o take from the outgoing sheriff custody of the jail and the bodies of such persons as are confined therein … ." O.C.G.A. § 42-4-4(a)(1)-(2). [The Sheriff's] authority and duty to administer the jail in his jurisdiction flows from the State, not [the] County. See In re Irvin, 254 Ga. 251, 253, 328 S.E.2d 215 (1985) ("It is clear that the legislature has vested broad authority in the office of sheriff to administer the jails.").

Manders, 338 F.3d at 1315. Consequently, Sheriff Millsap was a state actor in regard to the claims raised in this case, which generally concern booking practices and conditions of confinement at the Jail. See also Lake v. Skelton, 840 F.3d 1334, 1340 (11th Cir. 2016) (finding that inmate food food and medical care under O.C.G.A. § 42–5–2 are state functions).  There is no relevant distinction that would remove this case from the scope of Manders and its progeny.

In regard to Plaintiff's RLUIPA claim, the Eleventh Amendment bars the claim.  Sossamon v. Texas, 563 U.S. 277, 293, 131 S. Ct. 1651, 1663 (2011) ("We conclude that States, in accepting federal funding, do not consent to waive their

4

sovereign immunity to private suits for money damages under RLUIPA because no statute expressly and unequivocally includes such a waiver."); San Antonio v. Henry, 618 F. App'x 554, 557 (11th Cir. 2015) (same). Also, RLUIPA only applies to religious rights of currently incarcerated persons, not persons who have been released from jail. See 42 U.S.C. § 2000cc-1(a) ("No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . ."). The First Amendment's application to jail religious exercise is limited in the same way.

And the Eleventh Amendment bars state law claims asserted in federal court. Fla. Dep't Health & Rehab. Servs. v. Fla. Nursing Home Ass'n, 450 U.S. 147, 150 (1981) ("[A] State's general waiver of sovereign immunity . . . does not constitute a waiver by the state of its constitutional immunity under the Eleventh Amendment from suit in federal court."). "[A]bsent an express waiver by the state, the Eleventh Amendment bars state law claims against a state in federal court." Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1287 (11th Cir. 2003) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-99, 104 S. Ct. 900 (1984)); DeKalb County School Dist. v. Schrenko, 109 F.3d 680, 688 (11th Cir. 1997) ("[A] federal court may not entertain a cause of action against a state for alleged violations of state law, even if that state claim is pendent to a federal claim which the district court could adjudicate.").

The narrow exception to the Eleventh Amendment established in Ex Parte Young only applies to injunctive relief required to stop *ongoing violations* of

5

*federal* law. Green v. Mansour, 474 U.S. 64,   68 (1985); Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1338 (11th Cir. 1999) ("Ex parte Young requires the allegation of an ongoing and continuous violation of federal law. [cits.] In other words, a plaintiff may not use the doctrine to adjudicate the legality of past conduct."). Plaintiff's injunctive relief claim  does not seek to remedy an ongoing violation of federal law.

First, the jail footage and photos were never a violation of federal law—past, present or future. Therefore, retention or distribution of images of Plaintiff without her hijab is not a basis for injunctive relief.

Second, the only likely prospective action by the Sheriff regarding the images of Plaintiff involves maintaining the footage, which is not a violation of federal law. This point was the basis for dismissal of the injunctive relief claim in  T.W. v. N.Y. State Bd. of Law Exam'rs, 110 F.4th 71, 94 (2d Cir. 2024), where a plaintiff sought expungement of failing bar exam records that she claimed existed due to disability discrimination and caused her ongoing harm.

T.W. held that "[e]ven if she alleges ongoing harm [from the records], injunctive relief under Ex parte Young must seek to stop ongoing 'violation[s] of federal law.'" *Id.* (quoting Green v. Mansour, 474 U.S. 64,   68 (1985)). In T.W. the Eleventh Amendment precluded expungement because the records resulted from claimed past violations, and maintenance of the records was not not an *ongoing* violation of federal law.

"[E]ven if the relief is prospective, T.W.'s injunctive relief is unavailable under Ex parte Young because it is aimed exclusively at a past violation; it does not seek to remedy an alleged ongoing violation of federal law." *Id.* at 95; see also Green, 474 U.S. at 71 ("Because there is no continuing violation of federal law to enjoin in this case, an injunction is not available.").

Likewise, in this case the existence, maintenance or even distribution of photos of Plaintiff without her hijab provides no impediment to Plaintiff's capability to exercise her religion outside of jail. Plaintiff is not in the Detention Center, and presumptively she can wear whatever clothing comports with her religious views.

Instead of complaining about a burden on her current religious exercise, Plaintiff presents a religion-based objection to men seeing the photos and/or video. That objection has nothing to do with Plaintiff's capability to exercise her religion *in jail*, which is all that RLUIPA or the First Amendment concern. The objection is no ground for prospective declaratory or injunctive relief. See Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2012) (holding that RLUIPA claim for injunctive and declaratory relief asserting burden to religion was not viable following prisoner's release); Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999) (holding inmate's First Amendment claims regarding denial of items to perform religious practices moot once he was transferred from state penitentiary facility).

Accordingly, there is no basis for prospective injunctive or declaratory relief to halt an ongoing violation of federal law. There is no exception to Eleventh Amendment immunity.

## III. PLAINTIFF LOSES ON EVERY ELEMENT OF THE INJUNCTIVE RELIEF TEST

### A. THERE IS NO LIVE CONTROVERSY WARRANTING INJUNCTIVE RELIEF (LACK OF STANDING / MOOTNESS)

Lack of standing and mootness provide two independent reasons to deny the motion.

First, the motion is moot because Plaintiff amended her complaint. When a preliminary injunction motion was based on a now-superseded complaint, the motion should be denied as moot. See Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); H.E. v. Horton, No. 15-cv-3792, 2016 WL 2744827, at *2 (N.D. Ga. May 10, 2016) (denying preliminary injunction motion as moot where the plaintiff sought leave to amend to add further allegations); Smith v. Fla. Agric. & Mech. Univ. Bd. of Trs., No. 6:24-cv-457-PGB-RMN, 2024 U.S. Dist. LEXIS 160282, 2024 WL 4111192, at *1 (M.D. Fla. Sept. 6, 2024) (same as H.E. v. Horton); Malek v. Valentia Apartments, LLC, No. 24CV2076, 2025 U.S. Dist. LEXIS 47876, 2025 WL 790961, at *1 (S.D. Cal. Mar. 12, 2025).

Second, for standing a plaintiff must first show that she "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and

8

particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2136 (1992) (internal quotations and citations omitted). An injury in fact "cannot be an abstract injury." Koziara v. City of Casselberry, 392 F.3d 1302, 1305 (11th Cir.2004).

The original complaint says Plaintiff is no longer an inmate in the Bartow County Detention Center (Doc. 1 at ¶ 13), so she lacks standing to pursue injunctive or declaratory relief about some burden to her religious practice in jail. City of Los Angeles v. Lyons, 461 U.S. 95, 106, 103 S. Ct. 1660 (1983); Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007), *abrogated on other grounds by* Sossamon v. Tex., 563 U.S. 277, 131 S. Ct. 1651 (2011) ("The general rule in our circuit is that . . . release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief . . . [as] once the prisoner has been released, the court lacks the ability to grant injunctive relief and correction the conditions of which the prisoner complained."); Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir.1988) (holding that claims regarding treatment at a facility at which prisoner was no longer incarcerated were moot); Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir.1985)(explaining that an inmate's claim for injunctive relief under § 1983 is moot once the inmate has been transferred); Kellerman v. Askew, 541 F.2d 1089, 1090 n. 1 (5th Cir.1976) (prisoner's motion for equitable relief deemed moot due to his having been paroled); Lamb v. Bumpus, 52 F. App'x 740, 741 (6th Cir. 2002); Green v. Branson, 108 F.3d 1296, 1300 (10th

9

Cir.1997); **Pressley v. Madison**, No. 2:08-CV-0157-RWS, 2010 U.S. Dist. LEXIS 133791, at *6 (N.D. Ga. Dec. 17, 2010) (dismissing Muslim woman's hijab claim, explaining "Plaintiff is no longer incarcerated at the Detention Center, and has in fact been released from incarceration altogether. Therefore, Plaintiff's claims seeking injunctive relief shall be dismissed as moot.").

Plaintiff's motion asserts that "[i]f she violates her bail  agreement, the court could revoke her bond and return her to jail." Doc. 4-1 at 19. But Plaintiff's claimed risk of future arrest and booking is not sufficiently "real and immediate" to establish standing because the Court "must assume that plaintiff 'will conduct [her] activities within the law and so avoid . . . exposure to the challenged course of conduct.' " Sumpter v. Wayne Cnty., 868 F.3d 473, 491 (6th Cir. 2017) (quoting  O'Shea v. Littleton, 414 U.S. 488, 494, 497, 94 S. Ct. 669 (1974)). In regard to images of Plaintiff on file with the Sheriff's Office, those images have absolutely nothing to do with Plaintiff's current exercise of her religion, which is unimpeded by any photo or video maintained at the Bartow County Detention Center.

Accordingly, Plaintiff's motion must be denied.

**B. PLAINTIFF CANNOT PREVAIL ON THE MERITS**

Defendant moved to dismiss this action. Doc.11. Plaintiff amended the complaint. Doc. 13. Defendant will move to dismiss again. "An action that could not survive a [Rule] 12(b)(6) motion could not, *a fortiori*, satisfy the preliminary injunction standard[.]" Burritt v. New York State Dep't of Transp., No. 08-cv-605,

2008 WL 5377752, at *1 (N.D.N.Y. Dec. 18, 2008) (alterations added).

As with the first motion to dismiss, in their second motion to dismiss (and following an evidentiary hearing if necessary) Defendants will explain why Plaintiff cannot prevail in this action. Because the Court likely will rule on a motion to dismiss before or with a ruling on the present injunction motion, there is no need to restate Defendant's grounds for dismissal here. Also, in the event of an evidentiary hearing, legal argument should be presented in light of evidence presented at the hearing. Accordingly, Defendant's merit arguments should be regarded as incorporated here by reference.

## C. PLAINTIFF CANNOT SHOW IRREPARABLE HARM

An injury is "irreparable" only if it cannot be undone through monetary or declaratory remedies. Deerfield Medical Center v. City of Deerfield Beach, 661 F.2d at 338; Spiegel v. City of Houston, 636 F.2d 997 (5th Cir.1981). The "irreparable harm" element requires a real or immediate threat that the plaintiff will be deprived of a federal right. City of Los Angeles v. Lyons, 461 U.S. 95, 111, 103 S.Ct. 1660, 1670 (1983). Moreover, to show a likely threat of future harm the plaintiff must establish that the conduct was part of an official policy and there is a substantial likelihood that future violations will occur. See Allee v. Medrano, 416 U.S. 802, 815, 94 S.Ct. 2191, 2200 (1974) (holding that concerted government intimidation warranted injunctive relief, but noting that "Isolated incidents of police misconduct under valid statutes would not, of course, be cause for the exercise of a federal court's

11

equitable powers.").

Here, there is no threat of infringement of a federal right. Plaintiff is not in jail. Additionally, as explained below in subsection III (E), declaratory relief is sufficient to address any claimed future harm that an injunction would consider. Therefore, Plaintiff loses on the "irreparable harm" element and her motion should be denied.

## D. AN INJUNCTION POSES SUBSTANTIAL HARM TO THE PUBLIC INTEREST AND WOULD INFRINGE JAIL ADMINISTRATION FUNCTIONS

The Court has explained "a legitimate, rational relationship between prohibiting persons from wearing any form of headwear and the need to maintain security, discourage potential gang activity, and facilitate the identification of inmates held at the Detention Center." Pressley v. Madison, No. 2:08-CV-0157-RWS, 2010 LX 54018, at *9 (N.D. Ga. Dec. 17, 2010).

More generally, government entities responsible for jail administration have compelling interests in preventing prisoners from concealing contraband and disguising their identities. Holt v. Hobbs, 574 U.S. 352, 863-64 (2015). Government entities responsible for jail administration have compelling interests in security, discipline, hygiene, and safety. Knight v. Thompson, 797 F.3d 934, 944 (11th Cir. 2015). And Government entities responsible for jail administration have compelling interests in limiting burden and expense, in what is already a burdensome and

expensive enterprise.  Baranowski v. Hart, 486 F.3d 112, 125-26 (5th Cir. 2007);

Linehan v. Crosby, 346 F. App'x 471, 473 (11th Cir. 2009).

On the other side of the balancing scale, if Plaintiff is honest about the facts,

she is free to exercise her religion in any manner that does not violate the law. She

is not in jail, and nothing about jail operations have any impact on her exercise of

religion. This is like balancing a boulder against a pebble.

This case offers no occasion, much less a legitimate reason, to interfere with

Sheriff Millsap's authority to administrate the Bartow County Detention Center.

Plaintiff's motion should be denied.

### E. THE DECLARATORY JUDGMENT ACT PROVIDES REASONABLE PROTECTION AGAINST ANY CONSTITUTIONAL HARM

To the extent Plaintiff can show a live controversy and a right to any relief, the

Declaratory Judgment Act provides an adequate and appropriate remedy.

> The Declaratory Judgment Act was "expressly designed to provide a milder alternative to the injunction remedy."  Morrow v. Harwell, 768 F.2d 619, 627 (5th Cir. 1985) (quotation omitted). A party may pursue both injunctive and declaratory relief, and "[a] court may grant declaratory relief even though it chooses not to issue an injunction or mandamus." Powell v. McCormack, 395 U.S. 486, 499, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969); *see also* Poe v. Gerstein, 417 U.S. 281, 281, 94 S.Ct. 2247, 41 L.Ed.2d 70 (1974) (holding that the district court properly refused to issue an injunction when "it was anticipated that the State would respect the declaratory judgment").

Robinson v. Hunt Cty., Texas, 921 F.3d 440, 450 (5th Cir. 2019).

As a public law enforcement entity, Sheriff Millsap in his official capacity

intends to abide by any legal requirements established by a court of competent jurisdiction. Therefore, a declaratory judgment would protect against any future legal infringement. Aside from that, there is no good reason for a federal district court to micromanage the details of jail administration. So, if Plaintiff can show entitlement to substantial relief, then the Declaratory Judgment Act provides an appropriate remedy that does not raise the problems posed by an injunction.

## IV.   THE LACHES DOCTRINE AND UNCLEAN HANDS BAR A PRELIMINARY INJUNCTION

"The application of laches in a particular case is dependent upon a showing of an unreasonable lack of diligence by the party against whom the defense is asserted and prejudice arising from this lack of diligence." Hot Wax, Inc. v. Turtle Wax, Inc., 191 F.3d 813, 822 (7th Cir.1999); see also Costello v. United States, 365 U.S. 265, 282, 81 S.Ct. 534 (1961).

Separately, the "clean hands" doctrine recognizes that she "who comes into equity must come with clean hands, and a party tainted with bad faith closes the doors of a court of equity." Arkin v. Pressman, Inc., 38 F.4th 1001, 1012 (11th Cir. 2022) (cleaned up; quoting Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945))."The unclean hands maxim which bars a complainant in equity from obtaining relief has reference to an inequity which infects the cause of action so that to entertain it would be violative of conscience." Mallory v. DHI Mortg. Co., No. 1:18-CV-4579-WMR, 2018 U.S. Dist. LEXIS 230479, at *10 (N.D.

14

Ga. Nov. 29, 2018) (citing  Partain v. Maddox, 227 Ga. 623, 637(4), 182 S.E.2d 450 (1971)).

Here, Plaintiff asserts that she is aggrieved by photos taken of her in the jail in April 2025. Plaintiff then waited until March 2026 to file this lawsuit. And the evidence will likely show other action by Plaintiff that is inconsistent with her claimed emergency concern about display of herself without a hijab. Beyond that, Plaintiff's delay belies any contention that she needs emergency injunctive relief. Accordingly, Plaintiffs' motion should be denied.

## V.    THE PRISON LITIGATION REFORM ACT (PLRA) SEVERELY LIMITS THE AVAILABILITY AND SCOPE OF INJUNCTIVE RELIEF

Federal preliminary injunctions in jail condition cases are subject to strict limitations. Under 18 USCS § 3626, any prospective relief must meet the "need-narrowness-intrusiveness" test. Specifically, the relief must be (1) narrowly drawn, (2) extend no further than necessary to correct the violation of the federal right, and (3) be the least intrusive means necessary to correct the violation. 18 USCS § 3626 (a)(2);  Thomas v. Bryant, 614 F.3d 1288, 1323 (11th Cir. 2010).

"The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief." 18 USCS § 3626 (a)(2). The comity principles are:

The court shall not order any prospective relief that requires or permits a

government official to exceed his or her authority under State or local law or otherwise violates State or local law, unless—

(i) Federal law requires such relief to be ordered in violation of State or local law;

(ii) the relief is necessary to correct the violation of a Federal right; and

(iii) no other relief will correct the violation of the Federal right.

18 USCS § 3626 (a)(1)(B).

A preliminary injunction  automatically expires  90 days after issuance unless the court makes the findings required for prospective relief under 18 USCS § 3626(a)(1) and converts the preliminary injunction into a final order. 18 USCS § 3626; Banks v. Booth, 3 F.4th 445, 449 (D.C. Cir.2021).

## VI.    ANY INJUNCTION MUST BE CONDITIONED ON PLAINTIFF POSTING BOND

Rule 65 (c) provides that: "[t]he court may issue a preliminary injunction or a temporary restraining order *only if the movant gives security* in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed.R.Civ.P. 65(c) (emphasis added).

"Rule 65(c)'s bond requirement serves a number of functions. It assures the enjoined party that it may readily collect damages from the funds posted in the event that it was wrongfully enjoined, and that it may do so without further litigation and without regard to the possible insolvency of the plaintiff. [Cite] In addition, the bond provides the plaintiff with notice of the maximum extent of its potential liability."

16

Nokia Corp. v. InterDigital, Inc., 645 F.3d 553, 557 (2d Cir. 2011).

The bond requirement should be strictly enforced, and is a condition precedent to a binding injunction. See Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 210 (3d Cir.1990) ("On its face, [Rule 65(c)] admits no exceptions.... [T]here are important policies undergirding a strict application of the bond requirement in most injunction granting contexts. ... Given the text and policies of rule 65(c), this court has interpreted the bond requirement very strictly.") (internal quotation marks and citations omitted).

## **CONCLUSION**

For the above and foregoing reasons, and for reasons that will be detailed based on the evidence adduced at any hearing, Plaintiff's motion should be denied.

Respectfully submitted,

WILLIAMS & WAYMIRE, LLC

/s/ Jason Waymire
JASON C. WAYMIRE
Georgia Bar No. 742602
Attorney for Sheriff Millsap

Bldg. 400, Suite A
4330 South Lee Street
Buford, Georgia 30518
678-541-0790
678-541-0789

17

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing RESPONSE on all parties via electronic filing the Court's ECF system.

This 26 day of May, 2026.

WILLIAMS & WAYMIRE, LLC

/s/ Jason Waymire _____