IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IVANA ELLIOTT,

     Plaintiff,

v.

CLARK MILLSAP, *et al.*,

     Defendants.

Case No. 4:26-cv-60-WMR

**PLAINTIFF'S REPLY IN SUPPORT OF
<u>HER MOTION FOR PRELIMINARY INJUNCTION</u>**

The following serves as Ms. Elliott's ("Plaintiff") Reply to Sheriff Clark Millsap's ("Defendant") Opposition to Plaintiff's Motion for Preliminary Injunction (the "PI Motion") (ECF No. 15). As set forth below, the motion should be granted. As a preliminary issue, Plaintiff clarifies that for purposes of her PI Motion, she is only seeking a narrowly tailored injunction concerning Defendant's unlawful retention of video footage and photographs of her without her hijab. All other relief sought in the operative complaint remains and will be addressed as the case develops and not on Plaintiff's PI Motion. Further, as set forth below, because the relief sought in the PI Motion is addressed in both the original complaint and now operative First Amended Complaint ("FAC"), the PI Motion should still be resolved, and the operation of amendment should have no bearing.

## ARGUMENT AND CITATION OF AUTHORITY

I.    THE ELEVENTH AMENDMENT DOES NOT BAR INJUNCTIVE RELIEF[1] [2]

The Eleventh Amendment's bar on retrospective injunctive relief is not applicable in the current case. It is true that the remedial power of a court is limited to prospective injunctive relief.[3] Further, it is true that such prospective injunctive relief is available where there is an "*ongoing* violation of *federal* law."[4] It is of no consequence that the proof of such claim is based on past events.[5]

Plaintiff is not requesting retrospective injunctive relief to cure past harm. As stated in the FAC, the continued retention and risk of distribution of her

---

[1] Through operation of amendment under Rule 15, Plaintiff filed a FAC, which abandons her First Amendment claim, rendering § 1983 counterarguments moot for purposes of the PI Motion. ECF No. 13.

[2] Defendant correctly states that under *Sossamon v. Texas*, 563 U.S. 277 (2011), States do not automatically waive sovereign immunity to suits for *money* damages under RLUIPA. Plaintiff's FAC removed any claim for monetary damages against Defendant Millsap in his personal capacity, rendering this defense moot. Either way, whether Plaintiff seeks monetary damages is not relevant to her PI Motion, which is limited to injunctive relief.

[3] *Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

[4] *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 294 (1997) (O'Connor, J., concurring) (emphasis in original).

[5] *Entergy, Arkansas Inc.. v. Nebraska*, 210 F.3d 887, 898 (8th Cir. 2000) (holding that while relief under *Ex parte Young* must be prospective, proof for such a claim is usually based on past events.).

2

booking photograph and security footage—both of which depict her without her hijab—is an ongoing burden on her religious exercise. ECF No. 13. Plaintiff's uncovered images have already been shared, and there is a very realistic possibility that such images will be viewed by additional unrelated males in the future. ECF No. 13 ¶ 53. This is a serious violation of Plaintiff's sincerely held religious beliefs, regardless of when the photographs were taken.[6] It is not a court's role—and certainly not Defendant's role—to determine whether something substantially burdens another's religious exercise.[7] As this is an ongoing violation of Plaintiff's rights under RLUIPA's federal protections, as well as her First Amendment rights, she is entitled to appropriate injunctive relief.

Booking photographs and security footage are generally legal. However, when they cause a substantial burden on an individual's religious exercise without being the least restrictive means of achieving a compelling interest, that is a violation of federal law. Defendant raises *T.W. v. N.Y. State Bd. of Law Exam'rs*, 110 F.4th 71 (2nd Cir. 2024) for the proposition that an ongoing harm from alleged

---

[6] *Omeish v. Kincaid*, 616 F.Supp.3d 486, 494-95 (E.D. Va July 22, 2022), *vacated as moot*, 86 F.4th 546 (4th Cir. 2023) (holding that RLUIPA appeal was moot where the defendant destroyed all known relevant photographs).

[7] *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014) ("[I]t is not for us to say that [a religious belief] is mistaken or insubstantial."); *Benning v. Georgia*, 391 F.3d 1299, 1313 (11th Cir. 2004) (rejecting the State's attempt to question the validity or importance of an inmate's religious practice under RLUIPA).

past violations is not sufficient for *Ex parte Young*'s prospective injunctive relief standard. Unlike *T.W.*, the present matter involves an ongoing violation of federal law, not a simple ongoing harm.

The continuing burden on Plaintiff's religious exercise so long as her uncovered image is available for public viewing is a violation of federal law under RLUIPA. Plaintiff's ability to prevent additional future violations of her exercise by dressing as her faith dictates does not and cannot prevent unrelated men from viewing existing pictures and footage. Therefore, deletion of the booking photographs and security footage is prospective relief.

Defendant also misinterprets RLUIPA's protections to only cover presently incarcerated individuals. ECF No. 15 at 5, 7. Congress has dictated that RLUIPA should be construed broadly to provide maximum protection of religious exercise.[8] There is no question that the taking and retention of uncovered booking photographs and security footage is an "institutional act" that violates the sincerely held religious beliefs of a person who was "under the control of a covered institution" at the time of the violation.[9] Unlike *Alvarez v. Hill*, 667 F.3d 1061 (9th

---

[8] 42 U.S.C. § 2000cc-3(g).

[9] *Omeish*, 616 F.Supp.3d at 494; *See also Khatib v. County of Orange,* 639 F.3d 898, 907 (9th Cir. 2011) (Gould, J. concurring) ("A Muslim woman who must appear before strange men she doesn't know, with her hair and neck uncovered in a violation of her religious beliefs, may feel shame and distress ... A recognition of

4

Cir. 2012), the violation of federal law is ongoing. It has not ceased simply because

Plaintiff was released.

## II. PLAINTIFF SATISFIES ALL ELEMENTS OF THE TEST FOR INJUNCTIVE RELIEF

### A. THERE IS A LIVE CONTROVERSY WHICH WARRANTS INJUNCTIVE RELIEF

#### (i) Plaintiff's Motion for Preliminary Injunction is not rendered moot by her filing of an amended complaint.

The mere fact that an amended complaint supersedes an original complaint does

not necessarily render a preliminary injunction motion moot. Courts have ruled

that preliminary injunction motions that are followed by amended complaints can

be construed as "referencing and relying on the newly operative complaint."[10] The

court in *JTH Tax* ruled the motion for preliminary injunction moot in that case

because the "amended complaint significantly alter[ed] the parties and claims

presented" while permitting the plaintiff to file a renewed motion.[11]

---

this very real harm helps inform our judgment on the scope of covered institutions.").

[10] *JTH Tax, LLC v. Roberson*, 2025 WL 4092380 at *5 (N.D. Ga. Oct. 23, 2025) (*citing Ranger Env't Servs. LLC v Foehl*, 2023 WL 6931336 at *4 (S.D. Ala. Oct. 19, 2023) (holding that an amended complaint did not render a motion for preliminary injunction moot where it would preserve judicial economy, reduce party expenses, and where rendering the motion moot would undermine the requested injunctive relief.)).

[11] *Id*.

In the present case, there has been no change to the parties, the factual allegations, or the RLUIPA claim that forms the basis of the PI Motion. The only substantial changes in Plaintiff's FAC were replacing the First Amendment claim with a Georgia Religious Freedom Restoration Act claim, which has essentially the same legal standard as RLUIPA, and abandoning a claim for money damages against Defendant, which has no bearing on the PI Motion. The PI Motion is not moot.

### (ii)    Plaintiff has standing for her claims for injunctive relief.

The first step in establishing standing is to show an injury in fact.[12] A plaintiff may establish an injury in fact by showing that she suffered an injury that is (1) particularized and concrete and (2) actual or imminent.[13]

The existence of easily accessible and shareable digital media depicting Plaintiff without her religious head covering is a concrete and actual harm, and a continuing burden on her religious practice.[14] Defendant's stated opinion that existing photographs, even when viewed by unrelated men, do not burden

---

[12] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

[13] *Id.* at 339 (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

[14] *Omeish*, 616 F.Supp.3d at 494-95.

Plaintiff's current religious exercise is erroneous. It is not the role of the court to judge the sincerity of one's religious beliefs.[15] It is certainly not Defendant's role.

Further, the fact that Plaintiff is no longer in the custody of the Bartow County Sheriff's Office and/or Jail does not render her RLUIPA claim moot when the ongoing violation of federal law stemmed from an institutional act that occurred while Plaintiff was in custody of said covered institution.[16] None of the cases cited in Defendant's opposition motion involve an ongoing violation of federal law and are therefore inapplicable to the present matter.

Accordingly, because Plaintiff presents a live controversy that can easily be remedied by injunctive relief, she has proper standing under Article III.

### B. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS.

Defendant contends that Plaintiff's claims must fail on the merits. Not so. His Eleventh Amendment arguments are based on damage claims that are not asserted against him. His invocation of qualified immunity does not save him because he is sued in his official capacity. Regarding whether the claims succeed, he points to the *Turner* test, which does not apply under RLUIPA. *See* ECF No. 16-1 at 4. And the cases he relies on are either Free Exercise cases (not applicable)

---

[15] *Benning*, 391 F.3d at 1313.

[16] *Omeish*, 616 F.Supp.3d at 494.

or RLUIPA cases involving money damages. *See id.* at 4-5. Plaintiff will address the arguments raised in the motion to dismiss in more detail in due course.

### C. PLAINTIFF WILL SUFFER IRREPARABLE HARM WITHOUT IMMEDIATE INJUNCTIVE RELIEF.

The second preliminary injunction factor asks the Court to determine whether the Plaintiff is suffering or will suffer irreparable harm absent a preliminary injunction. Defendant has presented nothing to call into question the simple answer: "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."[17] This is all the more true where the injury is particularized to the plaintiff.[18]

Therefore, Plaintiff suffers a present harm from access to her unlawfully gained and retained uncovered images.

### D. THE BALANCE OF HARDSHIPS WEIGHS IN PLAINTIFF'S FAVOR.

Defendant has claimed compelling interests ranging from "limiting burden and expense" to "concealing contraband and disguising [of] identities" (ECF No. 15 at 12) but presented no factual support for these claims at all. Whether or not search and identification interests exist, there is no additional expense created by

---

[17] *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *see also Bennett v. Hendrix*, 423 F.3d 1247, 1254 (11th Cir. 2005), *abrogated in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009).

[18] *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006).

requiring private searches away from unrelated men followed by the return of the hijab. Moreover, interests concerning identification are clearly not served by the retention of photographs showing Plaintiff—who has been released and does not need to be readily identifiable by jail staff—without her hijab, an article which she wears every day. Therefore, there is nothing to weigh on Defendant's side.

On the other side of the balance, Defendant has shown, and the record is clear, that photos and video of Plaintiff without her hijab are publicly available. The accessibility of those images by unrelated males, as explained in this reply and regardless of Defendant's unfounded and inaccurate belief (ECF No. 15 at 13), is a continuing harm to Plaintiff's religious exercise. The Government "has no legitimate interest in enforcing an unconstitutional ordinance."[19]

### E. GRANTING THE INJUNCTION IS IN THE PUBLIC INTEREST.

RLUIPA was designed to do away with any "'frivolous or arbitrary' barriers imped[ing] institutionalized persons' religious exercise."[20] The protection of religious freedom is always in the public interest, and the injunction sought here will assure Plaintiff's rights and the rights of others. Plaintiff suffers a current harm from

---

[19] *Id*.

[20] *Cutter v. Wilkinson*, 544 U.S. 709, 716 (2005) (quoting 146 Cong. Rec. 16698, 16699 (2000) (joint statement of Sens. Hatch and Kennedy); *See also KH Outdoor*, 458 F.3d at 1272 (11th Cir. 2006) ("It is always in the public interest to protect First Amendment liberties.") (quoting *Joelner v. Vill. of Washington Park*, 378 F.3d 613, 620 (7th Cir. 2004)).

her unlawfully gained uncovered images. Meanwhile, Defendant has presented

nothing more than a few conclusory statements about his countervailing interests.

### III.   A DECLARATORY JUDGMENT WILL NOT CURE THE ONGOING HARM BEING SUFFERED BY PLAINTIFF.

The Declaratory Judgment Act gives declaratory judgments the force of a

final judgment.[21] Further relief, including an injunction, may be granted after and

on the basis of such judgment, but the judgment itself does not cure the immediate

and ongoing violation of federal law being suffered by Plaintiff.[22] Infringement on

First Amendment rights is an irreparable harm and cannot be brushed aside as a

minor detail of jail administration, and as such, requires the strongest relief to

prevent its continuation.

### IV.   DEFENDANT'S LACHES AND UNCLEAN HANDS DEFENSES ARE INAPPOSITE.

Defendant contends that Plaintiff is not entitled to a preliminary injunction

because she waited almost a year from her release to file this lawsuit. He also

---

[21] 22 U.S.C. § 2201(a).

[22] 22 U.S.C. § 2202; *See Steffel v. Thompson*, 415 U.S. 452, 471 (1974) ("'Though [a declaratory judgment] may be persuasive, it is not ultimately coercive [.]'") (quoting *Perez v. Ledesma*, 401 U.S. 82, 126 (1971) (Brennan, J., concurring)); *See also LJL Holdings Lithonia LLC v. Walgreen Co.*, 764 F.Supp.3d 1302, 1307 (N.D. Ga. January 13, 2025) ("'[t]he purpose of the Declaratory Judgment Act is to settle 'actual controversies' *before* they ripen into violations of law or a breach of some contractual duty.'") (quoting *Back Bay Resorts SWF, LLC v. Holiday Hosp. Franchising, LLC*, 2015 WL 13120060, at *8 (N.D. Ga. Nov. 19, 2015)).

claims that "evidence will likely show other action" that is "inconsistent" with the relief sought. In support, Defendant Millsap argues two equitable doctrines: laches and unclean hands. Each is addressed in turn.

### A. LACHES DOES NOT BAR RELIEF IN THE PRESENT MATTER.

First, it is unclear whether laches applies to cases involving prospective relief.[23] Additionally, laches has not prevented courts in this Circuit from entering prospective injunctive relief, including where the government claims that the plaintiffs (in election cases) have waited too long to file suit.[24]

Second, even if laches were to apply, it is a factual question that requires a court to determine whether the delay is excusable based not only on the period of the delay, but the reasons for the delay.[25] The relief sought is simple, and Defendant offers no evidence of delay or prejudice other than the mere passage of

---

[23] *Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters. Int'l*, 533 F.3d 1287, 1321 (11th Cir. 2008) (stating in a copyright case "laches serves as a bar only to the recovery of retrospective damage, not to prospective relief.").

[24] *See, e.g.*, *Ga. Coal. for the People's Agenda, Inc. v. Deal*, 214 F.Supp.3d 1344, 1345-46 (S.D. Ga. 2016); *Common Cause/Ga. v. Billups*, 406 F.Supp.2d 1326, 1376 (N.D. Ga. 2005).

[25] *SunAmerica Corp.*, 77 F.3d at 1345 (Birch, J., concurring) (when determining whether delay was excusable, court should not rely solely on the time period involved but also examine the reasons for any delay); *See also Kehoe Component Sales, Inc. v. Best Lighting Prods., Inc.*, 796 F.3d 576, 585 (6th Cir. 2015) (holding that delay resulting from an "attempt[] to resolve a dispute... do[es] not constitute [an] unreasonable delay" when determining the applicability of laches) (quoting *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 823 (7th Cir. 1999)).

time.[26] Here, Plaintiff made concerted yet unsuccessful attempts to negotiate a resolution to this matter before filing suit. *See* Ex. 1, Declaration of Keon N. Grant.

Therefore, the laches defense does not bar Plaintiff's request for prospective injunctive relief.[27]

## B. DEFENDANT HAS MADE NO SHOWING SUFFICIENT TO ASSERT UNCLEAN HANDS.

Defendant's arguments on unclean hands fare no better. To assert an unclean hands defense, "a defendant must show that (1) the plaintiff's wrongdoing is directly related to the claim, and (2) the defendant was personally injured by the wrongdoing."[28] The party seeking equitable relief must also have committed an "unconscionable act."[29]

Defendant offers no evidence—other than speculation—that Plaintiff has committed some wrongdoing or unconscionable act. The sole relief requested in

---

[26] *Reed v. Long*, 420 F.Supp.3d 1365, 1379 (M.D. Ga. 2019) (disregarding laches defense to preliminary injunction where defendants "produce[d] no evidence, apart from th[e] chronology, of delay. Nor have the Defendants shown prejudice.").

[27] *See, e.g.*, *Ga. Coal. for People's Agenda, Inc. v. Kemp*, 347 F.Supp.3d 1251, 1259 (N.D. Ga. Nov. 2, 2018) ("[T]he Court finds that Plaintiffs are not barred by the doctrine of laches in seeking relief because Plaintiffs' delay was excusable, Defendant will not suffer undue prejudice, and there is a limited factual record at this early stage of the case.").

[28] *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 801 (11th Cir. 2015).

[29] *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933).

the preliminary injunction is to prevent the public from seeing Plaintiff without a head covering—an act that violates her deeply held religious beliefs.[30] For this reason, his speculative defense should not prevent an injunction from issuing.

## V.      THE PLRA DOES NOT APPLY.

Defendant argues that any injunction entered in this case must be governed by the requirements of the Prison Litigation Reform Act ("PLRA"). While a "suit challenging prison conditions under RLUIPA is governed by the PLRA,"[31] the PLRA does not apply here because the narrowed preliminary injunction does not address *prison conditions*. Instead, Plaintiff seeks to right a singular wrong that has nothing to do with how poorly she was treated at the jail: she asks the Court to order Defendant to delete or otherwise redact the retained photograph and video footage of her without her hijab that continues to burden her religious exercise.

Further, even if the PLRA applied to this limited request, it cannot be reasonably disputed that the "relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive

---

[30] Defendant seems to suggest that his views of Plaintiff's religious beliefs and their sincerity are relevant or controlling. But as explained in the preliminary injunction motion and herein, his views are irrelevant.

[31] 18 U.S.C. § 3626; *See also United States v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1223, 1227 (11th Cir. 2015).

13

means necessary to correct the violation of the Federal right."[32] As to whether there is "any adverse impact on public safety or the operation of a criminal justice system caused by the relief," Defendant has not made any showing.[33]

On the other hand, Plaintiff has demonstrated in her moving papers that the State Department and State of Georgia permit Muslim women to wear their religious head coverings in their passport photographs and on driver's licenses, (*see* ECF No. 4-1 at 9), and other police departments allow detainees to remain covered for booking photographs, (*see id.* at 10-11). Even if the PLRA applies here, the relief requested is narrowly drawn and the least intrusive means necessary to correct the RLUIPA violation.

## VI.    PLAINTIFF SHOULD NOT BE REQUIRED TO POST A BOND

Finally, Defendant asks that Plaintiff secure a bond in furtherance of any preliminary injunction. Before a preliminary injunction can be issued, courts must require a security amount from the movant deemed sufficient to reimburse a party if the injunction is deemed wrongful.[34] But said amount is at the discretion of the

---

[32] 18 U.S.C. § 3626(a)(1)(A).

[33] *Id.*

[34] Fed. R. Civ. P. 65(c).

court, including electing to require no security at all.[35] Defendant has failed to establish what, if any, damages would be sustained by the deletion of photographs and security footage. Moreover, "[w]aiving the bond requirement is particularly appropriate where a plaintiff alleges the infringement of a fundamental constitutional right."[36] Here, the unlawful impact on Plaintiff's religious rights under RLUIPA weighs against requiring a bond.[37] Plaintiff asks the Court to therefore waive any requirement to post one here.

CONCLUSION

For all these reasons, the Court should grant the motion for preliminary injunction.

Dated: June 9, 2026

*Counsel for Plaintiff Ivana Elliott*

---

[35] *BellSouth Telecomms., Inc. v. MCImetro Access Transmission Servs.*, 425 F.3d 964, 971 (11th Cir. 2005) (alteration in original) (quoting *City of Atlanta v. Metro. Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir. Unit B 1981)).

[36] *Curling v. Raffensperger*, 491 F. Supp. 3d 1289, 1326 n.25 (N.D. Ga. 2020) (quoting *Complete Angler, LLC v. City of Clearwater*, 607 F. Supp. 2d 1326, 1335 (M.D. Fla. 2009)), *vacated*, 50 F.4th 1114 (11th Cir. 2022).

[37] *See Mama Bears of Forsyth Cnty. v. McCall*, 642 F.Supp.3d 1338, 1361 (N.D. Ga. 2022) (waiving bond requirement where "[t]here is no evidence of risk of monetary loss to Defendants" and "the preliminary injunction protects First Amendment rights and vindicates the public interest.").

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

Dated: June 9, 2026

SLATER LEGAL PLLC
2296 Henderson Mill Rd. NE #116
Atlanta, Georgia 30345
(404) 458-7283
james@slater.legal

*/s/ James M. Slater*
James M. Slater
Georgia Bar No. 169869

Council on American-Islamic Relations
– Georgia
P.O. Box 956263
Duluth, GA 30095
Telephone: 470.604.7877
kgrant@cair.com

/s/ Keon N. Grant
Keon Nicholas Grant
Georgia Bar No. 946800

The Law Offices of Gerry Weber, LLC
P.O. Box 5391
Atlanta, GA 31107
Telephone: 404.522.0507
wgerryweber@gmail.com

/s/ Gerald Weber
Gerald Weber
Georgia Bar No. 744878