# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IVANA ELLIOTT,

     Plaintiff,

v.

CLARK MILLSAP, *et al.*,

     Defendants.

Case No. 4:26-cv-60-WMR

## DECLARATION OF KEON N. GRANT

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.     I am a staff attorney with the Georgia chapter of the Council on American-Islamic Relations ("CAIR-Georgia"), a position I have held since September 2023. In my role, I am responsible for managing much of our civil rights docket, including litigation, direct advocacy, and non-legal advocacy, as well as community education. It is in that capacity that I performed any and all work on Ms. Ivana Elliott's ("Plaintiff") behalf.

2.     CAIR-Georgia is a § 501(c)(3) non-profit organization dedicated to protecting the civil rights of Muslims in the state of Georgia and enhancing the public's understanding of Islam.

3.      On April 8, 2025, Plaintiff contacted CAIR-Georgia to report an incident she experienced following her arrest while she was booked and detained at the Bartow County Sheriff's Office ("BCSO").

4.      On June 10, 2025, Plaintiff entered into a formal representation agreement with CAIR-Georgia to assist her with the violations to her faith that she suffered on April 6, 2025, at the Bartow County Sheriff's Office and/or Jail.

5.      Following a thorough evaluation, I, on Plaintiff's behalf, sent a letter of demand via email to Bartow County Commissioner Steve Taylor on July 31, 2025. This letter described the facts of the case as well as the legal basis for the letter. The letter also provided settlement terms in order to resolve the matter before engaging in litigation. The terms of the letter included much of the relief requested in Plaintiff's Verified Complaint (ECF No. 1) and First Amended Complaint (ECF No. 13), including the deletion of Plaintiff's uncovered booking photograph and the development of policies that ensure proper adherence to federal law protecting religious rights and accommodations.

6.      This letter was subsequently sent via email to Sheriff Clark Millsap ("Defendant") on August 4, 2025.

7.      On August 12, 2025, the Bartow County Commissioner's Office responded to the letter of demand, stating that their attorney(s) would review the matter and provide a response.

8.     On August 19, 2025, I received a call from Boyd Bennett, who was serving as the attorney for Bartow County. Mr. Bennett confirmed that he had received the letter of demand and that it had been forwarded to the County's insurance provider, ACCG Insurance ("ACCG").

9.     Later that day, I spoke with an individual from ACCG who confirmed that ACCG could not provide a response at that time as they were actively investigating the matter. He then confirmed that he would speak with ACCG's lead adjuster to provide a statement of the County's current position and timeline.

10.     On August 20, 2025, Ryan Dulaney, a Property & Liability Claims Examiner for ACCG, provided a claim letter via email formally acknowledging receipt of the letter of demand, confirming that ACCG was investigating the matter, and stating that they would likely be able to provide an official liability response by September 2025.

11.     Over the course of the following two months, I routinely checked in with Mr. Dulaney for an update on ACCG's investigation and to ascertain whether a liability statement would be provided. This included emails on the following dates: September 16, October 6, October 10, October 17, October 20, and October 23. Through that outreach, I was repeatedly told the investigation was progressing, including ACCG having at least one conference call with their

3

Law Liability Defense Counsel. I was also told that the process was slow-moving in an effort to address all claims raised, but that a response could be expected sooner rather than later.

12.    Mr. Dulaney's final email on October 20, 2025, explained that the investigation was still ongoing, but that he could not provide a firm timetable for a final liability statement. In response, I confirmed that we would proceed with the matter but would appreciate receipt of the liability statement once complete, still hoping to resolve the matter without the need for litigation. I have yet to receive a response to this final email.

13.    After that, we began to coordinate internally to escalate the matter to litigation and to obtain cocounsel. As soon as those matters were completed, we promptly filed the complaint and motion for preliminary injunction on Plaintiff's behalf.

14.    As is evident, there was no unreasonable delay or time-wasting. Plaintiff, through her counsel, made good faith efforts in order to resolve the matter and obtain the necessary relief without litigation. Once it became clear that there would not be a non-litigious resolution, preparations for litigation began immediately, and suit was filed as soon as practicable.

15.    I declare under penalty of perjury that the foregoing is true and correct.

4

Executed on this 9th day of June 2026.

_Keon Grant_
_____
Keon N. Grant