IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

IVANA ELLIOTT,

    Plaintiff,

v.

CLARK MILLSAP, *et al.*,

    Defendants.

Case No. 4:26-cv-60-WMR

**PLAINTIFF'S OPPOSITION TO SHERIFF MILLSAP'S
SECOND MOTION TO DISMISS**

Ms. Ivana Elliott ("Plaintiff") is a devout Muslim woman who sincerely believes that she must cover her hair and body when around unrelated men. While Plaintiff was detained at the Bartow County Jail, she was under the protections of RLUIPA and the Georgia RFRA. During her detention, Plaintiff was forced to remove her hijab in front of unrelated men, in violation of her faith, was strip searched, and was not allowed to use provided clothing as a makeshift hijab. During her detention, Plaintiff was photographed for booking purposes without her hijab, memorializing and preserving the violation of her religious exercise. The photographs and security footage remain available for review by unrelated men with access to the Bartow County Jail's legal servers, as well as for distribution to

unrelated men through the Georgia Open Records Act. The retention of these images is a continuing substantial burden on Plaintiff's religious exercise.

In response to allegations that the policies and practices that he is responsible for substantially burdened Plaintiff's religious exercise, Sheriff Millsap ("Defendant") has raised a number of legal and technical arguments to request dismissal of the claims against him. For the reasons discussed below, Plaintiff has brought a valid claim under RLUIPA;[1] Plaintiff has standing for equitable relief; and Defendant is not entitled to immunity from the current claims against him, including under the Eleventh Amendment. The Court should deny Defendant's motion to dismiss.

## FACTUAL OVERVIEW

Defendant does not dispute any of the factual allegations made in Plaintiff's First Amended Complaint ("FAC"). ECF No. 13. The following is an overview of only the most relevant facts.

Plaintiff is an observant Muslim who wears a hijab to cover her hair and body whenever she is in the presence of unrelated men as a critical part of her

---

[1] Plaintiff does not oppose Defendant's motion solely to the extent he seeks dismissal of the GRFRA claims. To be clear, Plaintiff expressly abandons her GRFRA claims but not her claims under RLUIPA, rendering all state law defenses moot. To the extent that it is deemed relevant, any potential deficiencies raised by Defendant are procedural and do not mandate dismissal of all claims. *See Garner v. Clayton Cnty.*, 926 S.E.2d 842, 846-847 (Ga. Ct. App. 2026).

religious exercise. *Id.* at ¶¶ 26-28, 56. This includes not being seen uncovered, even in photographs and other digital media. *Id.* at ¶ 56. Following her arrest on April 6, 2025, Plaintiff was taken to the Bartow County Jail ("BCJ") and forced to remove her hijab and undercap, despite attempts to explain their religious importance. *Id.* at ¶¶ 32, 34-36. Even after compliance, she was forced to the ground, strip searched, and threatened with a taser, without any individualized threat assessment. *Id.* at ¶¶ 38, 40, 41, 43.

Plaintiff made a makeshift hijab from a pair of shorts to preserve whatever modesty she could, but repeatedly had it ripped away from her throughout her detention. *Id.* at ¶¶ 42, 45. After eight hours, Plaintiff finally had her photograph taken, still without her hijab. *Id.* at ¶ 48. The continued retention and easy accessibility of this uncovered booking photograph and security footage have preserved the injury to Plaintiff's religious exercise, which continues to this day. *Id.* at ¶¶ 52, 53. Plaintiff also faces pending charges before the Bartow County Superior Court. *Id.* at ¶ 54.

For the following reasons, Defendant is not entitled to dismissal.

<u>**ARGUMENT AND CITATION OF AUTHORITY**</u>

As a preliminary matter, Defendant's Second Motion to Dismiss (ECF No. 16-1) includes defenses to individual capacity and § 1983 claims. The FAC removed all individual capacity claims against Defendant and replaced the § 1983

claim with a claim under the Georgia Religious Freedom Restoration Act, rendering those arguments moot. ECF No. 13. Plaintiff has proper standing and relief is not barred by Eleventh Amendment immunity.

I. **PLAINTIFF HAS STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

**A. No Individual Capacity Claims Are Brought Against Defendant**

The FAC removed all individual capacity claims brought against Defendant. ECF No. 13. There is no individual capacity RLUIPA claim to dismiss, rendering this argument moot.

**B. The FAC Properly Challenges the Validity of Current Jail Policy**

Under RLUIPA, the government must demonstrate that a prison regulation which substantially burdens religious practice is the least restrictive means of furthering a compelling government interest.[2] This is a significantly higher standard than the reasonableness test provided in *Turner v. Safley*, 482 U.S. 78 (1987), which is inapplicable to RLUIPA.[3] Defendant fails both prongs of this strict scrutiny evaluation.

---

[2] 42 U.S.C. 2000cc-1(a)(1-2).

[3] *Holt v. Hobbs*, 574 U.S. 352, 361-62 (2015) (holding that the lower court erred in applying the *Turner* test to a RLUIPA case and clarifying that RLUIPA provides greater protection.).

First, Defendant has not provided a compelling interest. As Defendant agrees, Plaintiff is no longer detained. ECF No. 16-1 at 7. Because Plaintiff is no longer detained, there is not the same compelling interest in being able to readily identify her that was present in *Pressley v. Madison*, 2010 WL 5313762 (N.D. Ga. Dec. 17, 2010), which involved a challenge to a policy that prohibited incarcerated individuals from wearing a head covering. Further, Plaintiff wears her hijab at all times when in public. ECF No. 13 ¶¶ 26, 28. A photograph capturing Plaintiff as she ordinarily appears would better serve identification interests.

Assuming identification is deemed a compelling interest, Defendant must still demonstrate that photographing Plaintiff without her hijab is the least restrictive means of achieving that interest.[4] He cannot do so. The clearest readily available alternative would have been to photograph Plaintiff in her hijab with her face fully visible. ECF No. 13 ¶ 63. Numerous government agencies, including the U.S. Department of State and the Georgia Department of Driver Services, authorize hijabs in official identification photographs. *Id*. at ¶ 64. Defendant's reliance on *J.H. v. Bratton*, 248 F.Supp.3d 401 (E.D.N.Y. 2017), is unpersuasive not only because that case used the *Turner* test and did not involve RLUIPA, but

---

[4] O.C.G.A. § 42-4-7(a); *Knight v. Thompson*, 796 F.3d 1289, 1292 (11th Cir. 2015) (recognizing the State's interest in "quickly identify[ing] inmates," while requiring it to demonstrate that its policy is the least restrictive means of furthering that interest).

also because in 2020, the New York Police Department changed their own policies to permit individuals to wear hijabs in booking photographs. ECF No. 13 ¶ 64, n.16.[5]

Defendant's application of *Turner* is incorrect, and he cannot satisfy strict scrutiny as required under RLUIPA.

## II.     PLAINTIFF HAS PROPER STANDING FOR BOTH DECLARATORY AND INJUNCTIVE RELIEF

In Defendant's motion opposing a preliminary injunction, he argued that Plaintiff lacks standing. ECF No. 15 at 8-10. His arguments are no more persuasive in his second motion to dismiss. An injury in fact adequate for standing can be established by showing that a plaintiff suffered an injury that is (1) particularized and concrete and (2) actual or imminent.[6]

Defendant's assertion that an individual who has been released is no longer covered by RLUIPA's protections is inaccurate. ECF No. 16-1 at 7-8. Congress has dictated that RLUIPA should be construed broadly to provide maximum protection of religious exercise.[7] Where there is an ongoing violation of federal law

---

[5] Defendant also relies on *Safouane v. Barnard*, 2003 WL 27385241, at *6 (W.D. Wash. Aug. 22, 2003) for the proposition that removal of a hijab did not violate the Constitution. But that was also not a RLUIPA claim, which requires more than the *Turner* test and First Amendment.

[6] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

[7] 42 U.S.C. § 2000cc-3(g).

6

that stemmed from an "institutional act" that occurred while Plaintiff was "under the control of a covered institution," release does not moot a claim for injunctive or declaratory relief.[8] There is no question that the taking and retention of booking photographs is an institutional act that substantially burdens Plaintiff's sincerely held religious belief.[9]

None of the cases cited by Defendant involved an ongoing violation of federal law. Specifically, Defendant points to *Pressley*, 2010 WL 5313762 (N.D. Ga. Dec. 17, 2010) as evidence that hijab claims are mooted post release. That case, however, involved a plaintiff who was forced to remove her hijab and then sued for injunctive relief *after her release* to require the Barrow County Detention Center to allow women to remain covered.[10] The plaintiff there was no longer subject to the jail-imposed burden on her religious exercise. In the present matter, although Plaintiff has been released, the violation has not ceased because the

---

[8] *Omeish v. Kincaid*, 616 F.Supp.3d 486, 494-95 (E.D. Va. July 22, 2022), *vacated as moot*, 86 F.4th 546 (4th Cir. 2023) (holding that RLUIPA appeal was moot where the defendant destroyed all known relevant photographs).

[9] *Id*. at 494; *See also Khatib v. County of Orange*, 639 F.3d 898, 907 (9th Cir. 2011) (Gould, J. concurring) ("A Muslim woman who must appear before strange men she doesn't know, with her hair and neck uncovered in a violation of her religious beliefs, may feel shame and distress ... A recognition of this very real harm helps inform our judgment on the scope of covered institutions.").

[10] *Pressley*, 2010 WL 5313762 at *1.

uncovered booking photograph and security footage remain easily viewable and shareable.

Plaintiff has established that anytime she is seen uncovered by unrelated men, regardless of whether it is in person or in images, it is a violation of her religious exercise. ECF 13 at ¶ 9. No amount of adherence to her faith moving forward can stop the burden on Plaintiff's religious exercise caused by the images, regardless of Defendant's erroneous opinion. It is not the role of the court to question whether a religious belief is mistaken or valid.[11] It is certainly not the role of the defendant.

Finally, Defendant claims that Plaintiff's risk of re-detention is insufficient because the Court must assume that Plaintiff will act in a legal manner moving forward. ECF No. 16-1 at 9. Because Plaintiff's criminal charges from the underlying arrest are pending before the Bartow County Superior Court, her re-detention is at the discretion of a judge. ECF No. 13 at ¶ 54. Her current legal behavior has no bearing on potential re-exposure to the illegal policies and

---

[11] *See Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014) ("[I]t is not for us to say that [a religious belief] is mistaken or insubstantial."); *Benning v. Georgia*, 391 F.3d 1299, 1313 (11th Cir. 2004) (rejecting the State's attempt to question the validity or importance of an inmate's religious practice under RLUIPA); *Cf. Holt*, 574 U.S. at 362 (stating that a religious belief need not be shared by all members of a religious sect to receive RLUIPA's protections.).

practices at the BCJ. As a result, Plaintiff is at a significant, concrete, and imminent risk of re-exposure to the policies, customs, and practices at the BCJ.

Because of this continuing violation of her religious exercise and significant risk of further violations, Plaintiff is entitled to declaratory and injunctive relief.

## III. QUALIFIED IMMUNITY IS INAPPLICABLE FOLLOWING THE REMOVAL OF INDIVIDUAL CAPACITY CLAIMS

In official capacity actions, the only available form of immunity is sovereign immunity.[12] The FAC removed any individual capacity claims raised against Defendant, rendering a qualified immunity defense moot. ECF No. 13.

## IV. THE FAC PRESENTS VIABLE OFFICIAL CAPACITY CLAIMS AGAINST DEFENDANT

### A. *Monell* Liability is Not Required to Prove RLUIPA Claims and it Does Not Apply to Sheriff Millsap

Bringing a suit against a government entity for a civil rights violation under § 1983 requires a showing that some government custom or policy resulted in the deprivation.[13] The court in *Monell* further clarified that such custom need not have been formally approved and adopted by the government's decisionmakers.[14] In

---

[12] *Kentucky v. Graham*, 473 U.S. 159, 167 (1985).

[13] *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978) (holding that § 1983 creates a cause of action against "persons," and therefore a municipality cannot be held liable "solely… on a *respondeat superior* theory.").

[14] *Id*.

contrast to § 1983, however, RLUIPA creates a cause of action against "governments" rather than "persons," appearing to "implicitly authorize *respondeat superior* liability against municipalities [and states]."[15] Jurisdictions have reached different conclusions as to whether *Monell* is applicable to RLUIPA claims, with several finding that it is not.[16] Further, Defendant provides no precedent in his second motion to dismiss to support *Monell*'s application to RLUIPA.[17]

But even if Defendant did provide some authority for *Monell*'s application to RLUIPA cases generally, he claims he is immune from this proceeding under the Eleventh Amendment. As an agency subject to potential Eleventh Amendment immunity, *Monell* liability would never attach to Defendant.[18] Either Defendant is

---

[15] *Agrawal v. Briley*, 2004 WL 1977581 at *14 (N.D. Ill. Aug. 25, 2004), *overruled on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011).

[16] *Id.*; *See Appel v. King Cnty.*, 2022 WL 1105810 at *3 (W.D. Wash. Jan. 4, 2022); *See also Layman Lessons, Inc. v. City of Millersville, Tenn.*, 636 F.Supp.2d 620, 643 (M.D. Tenn. Mar. 7, 2008); *Cf. Hoke v. Lyle*, 2016 WL 4197590 at *5 (S.D. Ga. Aug. 8, 2016) (explaining that in RLUIPA actions, a plaintiff must make an initial showing that a "policy *or action*" burdens his religious exercise.) (emphasis added).

[17] *See Carter v. Wasko*, 2025 WL 712063 at *3 (D. S.D. Mar. 5, 2025) (denying defendant's motion to dismiss a RLUIPA claim under *Monell* because defendant did not cite any authority holding that vicarious liability is not allowed under RLUIPA.).

[18] *See James v. Dixon*, 2025 WL 4072377, at *3 (N.D. Fla. Dec. 22, 2025) ("there is no such thing as a '*Monell* claim' against a state agency or state agency officials

not a state-agency equivalent, and there is no Eleventh Amendment question, or he is a state-agency equivalent, and his invocation as to *Monell* is simply a distraction. Assuming Defendant will next argue in reply that because *Monell* cannot apply to him, he cannot be liable under RLUIPA, the Court should reject that argument too. RLUIPA applies against municipalities, equivalent entities, and state agencies, so long as they receive federal funding, like Defendant.[19]

Even if *Monell* applied here, Plaintiff is still able to satisfy her burden. Plaintiff has alleged that she is a practicing Muslim, and that an important part of her religious exercise is wearing a hijab in mixed gender spaces. ECF No. 13 ¶ 2. She has also alleged that Defendant substantially burdened her religious exercise by forcing her to remove her hijab in front of unrelated men and capturing her

---

in their official capacities. That conclusion is bolstered by the long line of Eleventh Circuit cases holding that § 1983 claims against DOC and DOC officials in their official capacities are barred by the Eleventh Amendment."); *see also McRae v. Knapp*, 2012 WL 2681832, at *9 (S.D. Ala. July 6, 2012) ("This line of argument must fail, however, because *Monell* applies only to municipalities and other local government units.").

[19] *See also Heywood v. Dixon*, 2024 WL 3676386, at *2 (N.D. Fla. Aug. 2, 2024); *Daker v. Head*, 2020 WL 5269802, at *3 (S.D. Ga. Sept. 4, 2020) ("Plaintiff is correct that the GDC [a state agency] can be subject to injunctive relief under RLUIPA."); *Gavillan-Martinez v. Dixon*, 2024 WL 1097979, at *7 (N.D. Fla. Jan. 26, 2024), *R&R adopted*, 2024 WL 1094688 (N.D. Fla. Mar. 13, 2024) ("[B]ecause Plaintiff seeks prospective injunctive and declaratory relief, his claim against [FDC Secretary] and Frambo in their official capacities are not barred by the Eleventh Amendment.")

booking photograph. *Id*. at ¶¶ 4, 8-10. Taken together, these allegations are sufficient to "meet the initial burden for showing a plausible RLUIPA claim against [a government entity] in his official capacity under *Monell*."[20] The FAC sufficiently alleges the elements of a *Monell* official-policy claim, even though such pleading is not required under RLUIPA: (1) the jail had a policy or practice of requiring all female detainees to remove their religious head coverings for booking photographs and strip searches regardless of religious objection or the availability of female officers; (2) this policy was the product of Defendant as final policymaker (which status is conceded in the motion to dismiss); and (3) that policy was the moving force behind the violation of Plaintiff's rights under RLUIPA. That is all *Monell* requires.

In sum, the Court should reject Defendant's arguments concerning *Monell* pleading and allegations.

### B.  There is no § 1983 claim brought against Defendant

The FAC removed Plaintiff's § 1983 claim against Defendant, rendering this defense moot. ECF No. 13.

---

[20] *Ware v. Bishop*, 2024 WL 1915396 at *6 (N.D. Tex. Jan. 31, 2024) (*Monell* showing met because plaintiff alleged sincere religious belief and that defendants substantially burdened his religious exercise by denying him access to religious texts, materials, and services).

## C. The Eleventh Amendment's sovereign immunity provision only applies to private suits for money damages

The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity.[21] Defendant correctly states that under *Sossamon v. Texas*, 563 U.S. 277 (2011), States do not automatically waive sovereign immunity to suits for *money* damages under RLUIPA (emphasis added). The Eleventh Amendment, however, does not preclude claims for injunctive relief.[22]

The Eleventh Circuit has also held that "by entering into a funding contract with the federal government and accepting federal funding, state prison institutions voluntarily agreed to waive their sovereign immunity and make themselves amenable to actions under RLUIPA."[23] Defendant has accepted federal funds in his official capacity (ECF No. 13 ¶ 22), and has therefore waived sovereign immunity and opened himself to RLUIPA actions for injunctive relief.[24]

---

[21] *Stevens v. Gay*, 864 F.2d 113, 114 (11th Cir. 1989) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)) (internal footnote omitted).

[22] *See Ex parte Young*, 209 U.S. 123, 155–56 (1908); *See also Hoke*, 2016 WL 4197590 at *6 (dismissing RLUIPA claim for monetary damages while allowing a claim for injunctive relief to survive.).

[23] *Smith v. Allen*, 502 F.3d 1255, 1276 n.12 (11th Cir. 2007), *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353 (11th Cir. 2021), and *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011).

[24] *See Daker v. Head*, 2020 WL 5269802, at *3.

13

Plaintiff's FAC removed any claim for monetary damages against Defendant in his personal capacity, leaving only official capacity claims seeking declaratory and injunctive relief and rendering this defense moot. ECF No. 13.

### D. *Ex parte Young* provides an exception to the Eleventh Amendment for prospective relief.

The Eleventh Amendment bars only retrospective declaratory or injunctive relief.[25] Plaintiff is not seeking retrospective relief. ECF No. 13 at ¶ 71. Rather, she seeks declaratory and injunctive relief to prevent an "ongoing violation of federal law."[26] It is not relevant that proof of the violation is based on past events.[27]

Plaintiff's booking photograph and security footage of her–both of which depict her without a hijab–have been shared and remain easily accessible for viewing by additional unrelated males. ECF No. 13 ¶ 53; *See also* ECF No. 17 at 4. Regardless of when these images were captured, they were and continue to be a substantial burden on Plaintiff's religious exercise.[28] Faithfully exercising her faith

---

[25] *Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

[26] *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 294 (1997) (O'Connor, J., concurring) (emphasis in original).

[27] *Entergy, Arkansas Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir. 2000) (holding that while relief under Ex parte Young must be prospective, proof for such a claim is usually based on past events.).

[28] *Omeish*, 616 F.Supp.3d at 494.

moving forward cannot cure the persisting violation; that can only be achieved by the deletion of the booking photograph and security footage.

As established herein, Defendant's opinion that the viewing of these photographs does not burden Plaintiff's religion is irrelevant and incorrect. Further, Defendant's relied-upon precedents are inapplicable because unlike the present matter, (1) *T.W. v. N.Y. State Bd. of Law Exam'rs*, 110 F.4th 71 (2d Cir. 2024) did not involve an ongoing violation of *federal* law, and (2) *Alvarez v. Hill*, 667 F.3d 1061 (9th Cir. 2012) did not involve a violation that persisted following that plaintiff's release. ECF No. 17 at 3-4.

Plaintiff is still experiencing a violation of her right to religious exercise under RLUIPA. The relief requested is therefore prospective and not barred by Eleventh Amendment immunity.

## V.   THERE IS NO STATE LAW CLAIM AGAINST DEFENDANT IN HIS INDIVIDUAL CAPACITY

The FAC named Defendant in his official capacity only. All defenses raised regarding individual capacity are moot and require no response. Further, as stated above, Plaintiff has abandoned her GRFRA claims under state law as to Defendant and Officer Jane Doe.

## CONCLUSION

For all these reasons, the Court should deny the motion to dismiss as to Plaintiff's RLUIPA claims against Defendant.

15

Dated: June 19, 2026

                                Respectfully submitted,

SLATER LEGAL PLLC           /s/ James M. Slater
2296 Henderson Mill Rd. NE #116    James M. Slater
Atlanta, Georgia 30345          Georgia Bar No. 169869
(404) 458-7283
james@slater.legal

Council on American-Islamic Relations   /s/ Keon N. Grant
– Georgia                         Keon Nicholas Grant
P.O. Box 956263                Georgia Bar No. 946800
Duluth, GA 30095
Telephone: 470.604.7877
kgrant@cair.com

The Law Offices of Gerry Weber, LLC   /s/ Gerald Weber
P.O. Box 5391                     Gerald Weber
Atlanta, GA 31107              Georgia Bar No. 744878
Telephone: 404.522.0507
wgerryweber@gmail.com

*Counsel for Plaintiff Ivana Elliott*

16

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been

prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point

typeface.

Dated: June 19, 2026

SLATER LEGAL PLLC                          */s/ James M. Slater*
2296 Henderson Mill Rd. NE #116            James M. Slater
Atlanta, Georgia 30345                     Georgia Bar No. 169869
(404) 458-7283
james@slater.legal