IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IVANA A. ELLIOTT, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 4:26-cv-00060-WMR |
| SHERIFF CLARK MILLSAP, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**

COMES NOW SHERIFF CLARK MILLSAP and files his Reply Brief in

Support of his Second Motion to Dismiss (Doc. 16) as follows:

**OVERVIEW**

Plaintiff's response clarifies that she seeks only declaratory and injunctive

relief against Sheriff Millsap in his official capacity, and only under the federal

Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff

abandons Count 2, which raises a state law claim.

**ARGUMENTS AND CITATIONS TO AUTHORITY**

**I.     PLAINTIFF LACKS STANDING FOR PROSPECTIVE RELIEF**

Since Plaintiff solely seeks prospective relief under RLUIPA, she must show

1

that she had standing for prospective relief under that statute when she filed this case. *Cook v. Bennett*, 792 F.3d 1294, 1299 n.3 (11th Cir. 2015) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989)); *Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007) (the plaintiff must have "standing . . . at the time the action is brought").

Because in this context RLUIPA only applies to prisoners, and because Plaintiff was not a prisoner in the Bartow County Detention Center when she filed this action, Plaintiff lacks standing for prospective relief under RLUIPA. That is because RLUIPA expressly applies only to incarcerated persons, and Plaintiff was not incarcerated when she filed this case. 42 U.S.C. § 2000cc-1(a); *Davila v. Marshall*, 649 F. App'x 977, 980-81 (11th Cir. 2016) ("[T]he district court properly dismissed as moot Davila's request for injunctive relief under RLUIPA because he had been transferred to another prison"); *Hathcock v. Cohen*, 287 F. App'x 793, 798-99 (11th Cir. 2008) ("To the extent Hathcock seeks injunctive or declaratory relief, his RLUIPA claims are moot because he was transferred from the custody of the BSO to the Florida Department of Corrections on May 5, 2005."); *Holland v. Purdy*, 457 F.2d 802, 803 (5th Cir. 1972) ("Since Holland was no longer subjected to the complained-of conditions at the time this litigation was instituted, nor is he at the present time, the petition should have been dismissed on the ground of

2

mootness."); *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (dismissing RLUIPA injunctive relief claim as moot where the plaintiff was released while the appeal was pending); *Woods v. Staton*, 715 F. App'x 768, 769 (9th Cir. 2018) ("RLUIPA does not allow . . . for injunctive relief for individuals that are not incarcerated.").

Plaintiff asserts that she may yet be a prisoner again, due to the pendency of criminal charges on which she was arrested. That remote possibility does not cure the standing problem that existed when she filed the case.[1] Standing must exist when the case is filed, and if it does not, then the Court lacks jurisdiction and must dismiss. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003) ("Article III standing must be determined as of the time at which the plaintiff's complaint is filed."); *Summit Off. Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981) (holding that standing cannot be manufactured through an amended pleading).

Because Plaintiff was not a prisoner when she filed this complaint, she lacks standing to seek injunctive relief under RLUIPA and the Court lacks subject matter

---

[1] See *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1229-30 (11th Cir. 2021) ("When a plaintiff seeks an injunction, she must demonstrate that a future injury is imminent—that there is "a sufficient likelihood that he [or she] will be affected by the allegedly unlawful conduct in the future." *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305 (11th Cir. 2004) (quotation marks omitted)).

jurisdiction to entertain the only type of claim remaining in the case. Accordingly, Defendant's motion to dismiss should be granted.

## II.     THE ELEVENTH AMENDMENT BARS THIS ACTION

Plaintiff does not contest that the Eleventh Amendment bars all retrospective relief against Sheriff Millsap in his official capacity. In order to get around the Eleventh Amendment and qualify for *prospective* relief under *Ex Parte Young,* 209 U.S. 123 (1908), Plaintiff must plausibly allege an ongoing violation(s) of federal law. *Green v. Mansour*, 474 U.S. 64, 68 (1985); *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1338 (11th Cir. 1999). That is a problem that Plaintiff is unable to solve.

Plaintiff argues that she has stated a claim for an ongoing violation of federal law due to the jail's maintenance of photos and videos. She claims that her current religious exercise is burdened by maintenance of photos and videos of her without religious clothing. Aside from the transparent made-for-litigation nature of that contention, even if true it does her no good because the controlling statute only covers religious exercise claims by incarcerated persons. Plaintiff is not one of those.

Plaintiff relies solely on RLUIPA. When it comes to plaintiffs who complain about jails or prisons, RLUIPA *solely* covers the religious exercise by "a person

4

residing in or confined to an institution . . . ." 42 U.S.C. § 2000cc-1(a) (emphasis supplied). A RLUIPA claim about a jail by a *non-prisoner* (like Plaintiff) cannot possibly state an *ongoing* violation of RLUIPA, because RLUIPA does not protect the religious exercise of non-prisoners, even if the non-prisoner claims some religious burden due to something happening in a jail.[2]

Because RLUIPA categorically does not provide a cause of action about jail conditions based on religious objections by non-prisoners like Plaintiff, the amended complaint does not state a claim for prospective relief that qualifies for application of *Ex Parte Young.* The Eleventh Amendment bars this claim and requires dismissal.

## CONCLUSION

For each of the foregoing reasons, and as discussed more thoroughly in Defendant's initial Brief, the Court should dismiss this action.

Respectfully submitted,

WILLIAMS & WAYMIRE, LLC

*/s/ Jason C. Waymire*

---

[2] To the extent any case has held otherwise, Defendant respectfully submits that the involved court (or parties) did not correctly read the text of the statute or understand RLUIPA's limited application in this context.

5

JASON C. WAYMIRE
Georgia Bar No. 742602
Attorney for Defendant

Building 400, Suite A
4330 South Lee Street, NE
Buford, Georgia 30518
(678) 541-0790
(678) 541-0789
jason@wmwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **REPLY BRIEF** upon all parties to all counsel through the Court's CM/ECF system.

This July 6, 2026.

/s/ *Jason Waymire*
JASON WAYMIRE
Georgia Bar No. 742602

6